UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | Civil Action No.: 1:25-cv-00298-JLH CONSOLIDATED |

**THE *HOLTON* PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE IN SUPPORT OF *ZANNETTINO* PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

*/s/ R. Grant Dick IV*
R. Grant Dick IV (#5123)
Kevin D. Levitsky (#7228)
**Cooch and Taylor P.A.**
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Email: gdick@coochtaylor.com
klevitsky@coochtaylor.com

*Counsel to Holton Plaintiffs and Proposed Interim Liaison Counsel*

Dated: July 28, 2025

**Table of Contents**

I. Introduction ..................................................................................................................1

II. Argument .....................................................................................................................1

    A. Igloo's Criticisms Of Counsel's Civility Contradict The Evidence............................1

    B. Igloo's Criticisms About The Motion to Intervene and Transfer Are The Opposite Of What Igloo Said Before ..................................................................4

    C. Igloo's Criticisms About The *Holton* Plaintiffs' Original Motion For Interim Lead Counsel Lack Merit ..........................................................................7

    D. The Fact That The First Filed Case Was Filed In A State With No Jurisdiction Contradicts Arguments Concerning Efficiency ......................................8

III. Conclusion ...................................................................................................................9

I. **Introduction**

In their motion for appointment of lead counsel, the *Holton* Plaintiffs focused on their own qualifications and plans for litigating this case rather than denigrating counsel for the *Zannettino* Plaintiffs or Defendant Igloo. Igloo nonetheless took a gloves-off approach in its Notice in Support of the *Zannettino* Plaintiffs' Motion for Appointment of Interim Lead Counsel. D.I 43 ("Notice").[1] *Holton* counsel, with a combined 40-plus years of experience in class actions, cannot recall ever seeing a defendant take sides over competing applications for interim lead counsel. In advocating so fiercely for its preferred choice of opposing counsel, Igloo is playing the role of the proverbial "fox guarding the henhouse" given that its interests are diametrically opposed to those of class members. And while honest criticism is fair game, that is not what Igloo provides in its Notice. The *Holton* Plaintiffs regret the acrimony that has surfaced with Igloo's Notice and do not take the accusations of uncivility lightly. They provide this memorandum to respond directly and productively to Igloo's criticisms.

II. **Argument**

   A. **Igloo's Criticisms Of Counsel's Civility Contradict The Evidence**

Igloo states that *Holton* counsel have demonstrated "no interest in working cooperatively with either Igloo's counsel or *Zannettino*'s Counsel," and generally disparages counsel's civility and professionalism. Notice, 8; *see also id.* at 1, 6. These accusations come as a surprise given that to date, the interactions with Igloo's counsel were usually cordial, sometimes firm, but never disrespectful, even when the parties disagreed. Krivoshey Decl., ¶ 4. Igloo's criticisms on this issue lack merit for three reasons.

First, most if not all of the email communications with Igloo and with the *Zannettino*

---

[1] Citations to the docket in these consolidated cases are cited as "D.I."; Citations to the docket in the California *Zannettino* action, California Case No. 2:25-cv-01917 are cited as "CA D.I."

Counsel are being submitted with this brief so the Court can see for itself that Igloo's criticisms are inconsistent with the actual course of dealings in this case. *See* Krivoshey Declaration, Exhibits. ¶¶ 1-10. To be sure, the parties have not seen eye-to-eye on everything, but that comes with the territory in litigation, and the emails reflect that counsel for all parties have acted with civility and professionalism despite those differences.

<u>Second</u>, Igloo is not entirely candid with the Court when it suggests that *Holton* counsel "refused" to accommodate an extension request. Notice, 5-6. The truth is, *Holton* counsel first agreed to a 45-day extension (*see* D.I. 11), and then proposed another lengthy extension after the California proceedings were transferred here so that the Court could select an interim lead counsel, who could then file a consolidated amended complaint. *See* D.I. 29; Exhibit 10, at pp. 2-3. Igloo faults the *Holton* Plaintiffs for initially declining to agree to a three-month extension when Igloo provided scant details about why such a long extension was necessary. And yet the *Holton* Plaintiffs later arranged for Igloo to get a **longer** extension than it had requested in the first place. *See* Exhibit 10, at pp. 2-3; Exhibit 4, at p. 10. A now-moot disagreement over a three-month extension does not reflect an inability to cooperate; it simply reflects differing views about handling the early case management issues in this case.

Relatedly, the suggestion that Mr. Krivoshey "raised his voice" in a combative manner during the discussions concerning this stipulation is false. Krivoshey Decl., Ex. ¶ 3. To be sure, at that time, he firmly objected to the three-month extension and had concerns about unnecessary delay, but that is a far cry from the lack of civility implied by Igloo. The problem, of course, is that the Court is presented with two competing hearsay characterizations of what happened on the call. However, the record clearly shows that Igloo's implication that *Holton* 'counsel refused extension requests is incorrect (s*ee* D.I. 11, 29; Exhibit 10, at pp. 2-3), and as shown in Section B below,

Igloo made other demonstrably incorrect statements in its Notice concerning the earlier motion to intervene. So, Igloo's embellishments about what supposedly transpired on a call about its initial three-month extension request should carry no weight.[2]

<u>Third</u>, Igloo's criticisms about lack of cooperation are also contradicted by the fact that *Holton* counsel took the lead in coordinating the next steps in these proceedings after the California actions were transferred here, and voluntarily withdrew their earlier motion for appointment as interim lead counsel so that the *Zannettino* Plaintiffs could be heard on that issue. As the email below shows, counsel for the *Holton* Plaintiffs were civil, proposed a further extension for Igloo, and proposed coordinating with the *Zannettino* Plaintiffs because it would "**impact[] their interests too, so they'll need an opportunity to weigh in**":




---

[2] The accusation that the *Holton* counsel "ambushed" Igloo about the California stipulation for interim lead counsel and "demanded" that Igloo move to transfer is likewise more spin than fact. *See* concurrently filed Joint Decl. at ¶¶ 3-8. In an email, Igloo referred to the alleged "demand" as a mere "suggestion," and did not accuse *Holton* counsel of acting inappropriately when raising the issue. See Exhibit 11, p. 2 ("we have given some thought to your suggestion that we move to transfer now without waiting for the consolidated complaint in California.").

3

Exhibit 10, at pp. 2-3 (emphasis added).

Once Igloo agreed to the proposal, *Holton* counsel coordinated with *Zannettino* counsel on next steps, again, without the acrimony or lack of cooperation described by Igloo. As can be seen in the email below, *Holton* counsel asked *Zannettino* counsel to try to respond soon because Igloo was concerned about an upcoming deadline:



Joel Smith <joel@skclassactions.com>   Thu, Jun 26, 12:16 PM
to Christina, Matthew, Erica, Michael, Kaan, Yeremey, Kevin, Mason, Grant

Christina and Matthew - I'm reaching out about next steps in the case now that the California cases have been transferred to Delaware. Attached is a proposed stipulation setting out a timeline for 23g appointment, filing an amended complaint if one will be filed, and extending Igloo's time to respond until those first two issues are sorted out. Can you please let me know if this works from your perspective or if you have any suggested edits?

My understanding is that Igloo approves of this approach (defense counsel is cc'd here), and given the current July 7 deadline to respond in the In re Igloo action, Igloo is hoping we can get this on file soon. Thanks for your attention to this,

--
Joel D. Smith
**Smith Krivoshey, PC**
867 Boylston Street, 5th Floor #1520, Boston, MA, 02116
D: (617) 377-7404 | M: 415-690-9945
joel@skclassactions.com | www.skclassactions.com

Exhibit 4, at p. 10 (emphasis added). In short, the record contradicts Igloo's criticisms concerning *Holton* counsel's civility and professionalism.

### B. Igloo's Criticisms About The Motion to Intervene and Transfer Are The Opposite Of What Igloo Said Before

The next issue raised by Igloo involves either a significant oversight, or a significant breach of the duty of candor by Igloo's counsel. Specifically, Igloo complains, "before discussing the possibility of avoiding unnecessary motion practice," counsel for the *Holton* Plaintiffs "brazenly" moved to intervene in the California proceedings to vacate the stipulated order appointing counsel for the *Zannettino* Plaintiffs as interim lead counsel and to transfer those proceedings here. Notice, 4, 7 (emphasis added). Igloo then suggests the motion to intervene may have been unnecessary if *Holton's* counsel had been willing to meet and confer with the other parties. *Id.* at 8.

4

First, Igloo knew about the motion to intervene in advance, and for the most part, approved of it. On June 3, 2025, counsel for the *Holton* Plaintiffs told Igloo that the *Holton* Plaintiffs' intended to move to intervene. Exhibit 11, p. 2. Igloo responded, "**we certainly would not object to your intervening in order to move to transfer**," and that "**we are not taking a position on the interim counsel appointment** other than to state that we do not believe the court in Delaware has authority to appoint anyone as lead counsel with respect to cases that are pending outside the district." *Id*. at 1 (emphasis added). Contrary to Igloo's representation that there was no meet and confer, the parties then confirmed that they had sufficiently met and conferred regarding the issue.



*Id*., at p.1. *Holton* counsel also contacted the *Zannettino* counsel, had a lengthy (and civil) meet and confer by video, and offered to accommodate any scheduling conflicts they may have with the hearing on the motion:



5



Exhibit 1, pp. 1-2. So, Igloo's representations that *Holton* counsel never consulted the other parties about the motion to intervene, and that Igloo objected to the motion, are false.

  <u>Second</u>, the suggestion that the motion to intervene was unnecessary is also contradicted by the record. The proceedings in this District and the Central District of California involved overlapping classes represented by counsel with differing views about where to prosecute the case. There was a risk of inconsistent rulings and a clearly inefficient use of the courts' resources. Without consolidation and an interim lead counsel appointment, there was a risk that Igloo would try to exploit the two competing cases to leverage a reverse auction settlement.

  Despite these issues, the *Zannettino* Plaintiffs would not stipulate to transfer, as evidenced by the fact that the motion to intervene was filed after the parties met and conferred. *See* Exhibit 1, p. 1 (discussing hearing date after meet and confer call). And as Igloo discloses in its Notice, Igloo did not want to file its own motion to transfer until the *Zannettino* Plaintiffs filed their

consolidated complaint (see Notice, 6 and Exhibit 11, pp.1-2), but there was no saying when that would happen, and it ultimately proved to be an unnecessary precondition for transfer. In short, statements suggesting that the *Holton* Plaintiffs' motion to intervene was unnecessary are inaccurate, because Igloo and the *Zannettino* Plaintiffs' agreement to transfer to this Court coincided with the *Holton* Plaintiffs' motion to intervene and transfer.

<u>Third</u>, the motion to intervene also was necessary because *Zannettino* counsel had stipulated amongst themselves to be lead counsel without informing the *Holton* Plaintiffs or allowing them to respond, and then filed papers in these proceedings asserting that their appointment in California impacted the proceedings here in Delaware. *See* D.I. 21; see also Exhibit 1, at p.3 (advising the *Holton* Plaintiffs for the first time concerning the stipulated interim counsel appointment). The *Zannettino* Plaintiffs submitted the stipulation as part of a ministerial stipulation to consolidate the California District Court proceedings, which may explain why it was granted the next day. *See* D.I. 29 (attaching stipulation as earlier exhibit). The method used to secure appointment was procedurally improper, prejudicial to the *Holton* Plaintiffs, and created a conflict between these proceedings and the Central District of California proceedings that required prompt attention. *See* Manual for Complex Litigation 246 § 21.11(4th ed.2004) (absent stipulation among all competing counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected"); *see also* D.I. 25, at pp. 2-3 (addressing procedural irregularities surrounding the *Zannettino* Plaintiffs' prior appointment in the California proceedings).

### C. Igloo's Criticisms About *Holton* Counsel's Original Motion For Interim Lead Counsel Lack Merit

Igloo criticizes *Holton* counsel for filing the original motion for appointment of interim lead counsel without the involvement of the *Zannettino* Plaintiffs. Notice, 3; *see also* D.I. 38, at

7

p.6. That criticism is unwarranted for two reasons. First, there was no prejudice to the *Zannettino* Plaintiffs because the *Holton* Plaintiffs not only voluntarily withdrew their motion so that the parties could file renewed, competing motions, but also coordinated the following steps so that the motions could be filed. *See* D.I. 28; Exhibits 10, at pp. 2-3, and Exhibit 4, at p. 10.

Second, in contrast, the *Holton* Plaintiffs continue to be prejudiced by the unilateral, unnoticed stipulation for lead counsel filed in the California proceedings, because the *Zannettino* Plaintiffs and Igloo are both trying to leverage that same order to support appointment of the *Zannettino* counsel here. And yet at the same time, Igloo and the *Zannettino* plaintiffs criticize *Holton* counsel for moving to intervene in the California proceedings to resolve that prejudice. Respectfully, that is not a reasonable position for anyone seeking an interim lead counsel position.

### D. The Fact That The First Filed Case Was Filed In A State With No Jurisdiction Contradicts Arguments Concerning Efficiency

Igloo emphasizes that the first filed case was actually filed by Massachusetts-based Plaintiff Kathryn Trainor in *Pennsylvania*, not California. Notice, 2-3. Fair enough, *Holton* counsel addressed that issue in their original motion for interim lead counsel but overlooked it in their renewed motion. However, as stated in the original motion, that fact is hard to square with repeated assurances about efficiency. *See* D.I. 15, p. 15 n.11. The *Zannettino* Plaintiffs first filed in one state with no specific or personal jurisdiction, and then transferred to California, another state with no specific or general jurisdiction (at least for Ms. Trainor), and then transferred a third time to this District only after the *Holton* Plaintiffs forced the issue by moving to intervene and seeking a transfer. The lack of a straightforward explanation for filing in multiple courts of no jurisdiction, while purporting to represent a nationwide class, outweighs any nominal preference given to the first-filed case.

**III.    Conclusion**

Igloo has made a strategic decision that it would rather litigate against counsel for the *Zannettino* Plaintiffs than counsel for the *Holton* Plaintiffs, and it is unclear why it would resort to questionable representations to achieve that objective. Nonetheless, the *Holton* Plaintiffs intend to continue doing their part to maintain civility, keep the temperature down, and stay focused on moving this case forward.

Dated:  July 28, 2025

/s/ R. Grant Dick IV
R. Grant Dick IV (#5123)
Kevin D. Levitsky (#7228)
**Cooch and Taylor P.A.**
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Email:  gdick@coochtaylor.com
             klevitsky@coochtaylor.com

*Counsel to Holton Plaintiffs and Proposed Interim Liaison Counsel*

**OF COUNSEL:**

Yeremey O. Krivoshey (admitted *pro hac vice*)
**Smith Krivoshey, PC**
166 Geary Street, Suite 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: 888-410-0415
Email: yeremey@skclassactions.com

and

Joel D. Smith (admitted *pro hac vice*)
**Smith Krivoshey, PC**
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: 888-410-0415
Email: joel@skclassactions.com

and

9

Kevin Laukaitis (admitted *pro hac vice*)
Daniel Tomascik (admitted *pro hac vice*)
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, Puerto Rico 00907
Phone: (215) 789-4462
klaukaitis@laukaitislaw.com
dtomascik@laukaitislaw.com

*Counsel to Holton Plaintiffs Proposed Interim Class Counsel*

and

Mason A. Barney*
Leslie L. Pescia*
**SIRI | GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, NY 10151
Main: 212-532-1091
Facsimile: 646-417-5967
mbarney@sirillp.com
lpescia@sirillp.com

* pro hac vice forthcoming

*Additional Attorneys for Holton Plaintiffs and the Proposed Class*

10