# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

IN RE IGLOO PRODUCTS COOLER
RECALL LITIGATION

Civil Action No.: 1:25-cv-00298-JLH

CONSOLIDATED

## DECLARATION OF YEREMEY KRIVOSHEY

1.  My name is Yeremey Krivoshey. I am over the age of eighteen and have personal knowledge of the matters stated herein. I submit this declaration in support of Plaintiffs' Response to Defendant's Notice in Support of *Zannettino* Plaintiffs' Motion for Appointment of Interim Lead Counsel.

2.  I am an attorney at law licensed to practice in the State of California. I am a founding partner at Smith Krivoshey, PC, counsel for Plaintiffs in *Holton et al. v. Igloo Prods. Corp.*, Case No. 1:25-cv-00298-JLH, pending in this Court.  I am licensed to practice in the State of California, and applied to practice *pro hac vice* in the *Holton* matter.

3.  On or about March 30, 2025, I had a phone call with Ms. Rutner, in which she asked for a 90-day extension on behalf of Igloo. I was surprised by the request for a 3-month extension and questioned the need for it because few specifics were provided for why such a long delay was given, and I do not recall a defendant ever asking for such a lengthy extension. I disagreed with the need for a 90-day extension and communicated that position, but at no point during that

conversation did I "raise my voice" in a combative manner during the discussions about the stipulation for an extension.

4.   I and my co-counsel were surprised and disappointed by Igloo's accusations of uncivility. Until Igloo filed its July 23, 2025, Notice in Support of the *Zannettino* Plaintiffs' Motion for Appointment of Interim Lead Counsel, the parties' interactions were usually cordial, sometimes firm, but never disrespectful, even when the parties disagreed.

5.   I and my co-counsel do not take Igloo's accusations of uncivility lightly and intend to address it directly and productively.  So that the Court can see for itself that Igloo's criticisms are unreasonable, attached as **Exhibits 1-10**, are true and correct copies of most if not all of the e-mail communications exchanged in this matter.  **Exhibits 1-3** are emails exchanged between counsel for *Holton* and counsel for *Zannettino*.  **Exhibits 4-5** are emails exchanged between counsel for all parties—Igloo, the *Holton* Plaintiffs, and the *Zannettino* Plaintiffs.  **Exhibits 6-11** are emails exchanged between counsel for *Holton* and counsel for Igloo.

6.   I and my law partner Joel D. Smith have litigated countless competing motions for interim lead counsel over the years.  I cannot recall a defendant ever taking sides on one of those motions. Co-counsel from Laukaitis Law and Siri Glimstad have advised that they have never seen that happen either.

7.   Attached as **Exhibit 12** is a true and correct copy of the *Holton* Plaintiffs' Brief in Support of Motion to Intervene.

8.   I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 25, 2025.

/s/ _____

2

**EXHIBIT 1**



Joel Smith <joel@skclassactions.com>

---

## Igloo Products Cases

**Joel Smith** <joel@skclassactions.com>                                    Wed, Jun 11, 2025 at 12:52 PM
To: Christina Tusan <ctusan@ctusanlaw.com>
Cc: Matthew George <MGeorge@kaplanfox.com>, "gdick@coochtaylor.com" <gdick@coochtaylor.com>,
"klevitsky@coochtaylor.com" <klevitsky@coochtaylor.com>, "yeremey@skclassactions.com"
<yeremey@skclassactions.com>, "klaukaitis@laukaitislaw.com" <klaukaitis@laukaitislaw.com>,
"dtomascik@laukaitislaw.com" <dtomascik@laukaitislaw.com>

> All, the plaintiffs in the Delaware action will be filing their motion to intervene today. I plan to provisionally set the date for
> July 14 because that's the soonest date available under the local rules and I happen to already have a hearing scheduled
> before Judge Fitzgerald that day in another matter.  However, if that date is inconvenient, please let me know and I'll work
> with you to promptly file a stipulation for a reasonable alternate date.

On Wed, Jun 4, 2025 at 8:34 AM Joel Smith <joel@skclassactions.com> wrote:
  Apologies for that.  An updated calendar invite has been sent.

On Tue, Jun 3, 2025 at 8:01 PM Christina Tusan <ctusan@ctusanlaw.com> wrote:
  I just want to let you know that I didn't get the calendar invite, but I look forward to talking
  tomorrow. Can someone please resend it to me?
  Thanks.

  **From:** Joel Smith <joel@skclassactions.com>
  **Date:** Tuesday, June 3, 2025 at 4:52 PM
  **To:** Matthew George <MGeorge@kaplanfox.com>
  **Cc:** gdick@coochtaylor.com <gdick@coochtaylor.com>, klevitsky@coochtaylor.com
  <klevitsky@coochtaylor.com>, yeremey@skclassactions.com
  <yeremey@skclassactions.com>, klaukaitis@laukaitislaw.com <klaukaitis@laukaitislaw.com>,
  dtomascik@laukaitislaw.com <dtomascik@laukaitislaw.com>, Christina Tusan
  <ctusan@ctusanlaw.com>
  **Subject:** Re: [External] Igloo Products Cases

  > Yes, thank  you, that works.  I just sent out a calendar invite and call-in number.  Have a good night,
  >
  > On Tue, Jun 3, 2025 at 1:56 PM Matthew George <MGeorge@kaplanfox.com> wrote:
  >> Hi Joel,
  >>
  >> I was traveling yesterday and am catching up on email.  How is tomorrow at 10 Pacific for a call?
  >>
  >> Thanks,

  Matthew B. George
  Kaplan Fox & Kilsheimer LLP
  1999 Harrison Street, Suite 1560
  Oakland, California 94612
  Phone:  415.772.4700

Fax:   415.772.4707
Email:   mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately.  Thank you.

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 3, 2025 10:38 AM
**To:** Matthew George <MGeorge@kaplanfox.com>
**Cc:** gdick@coochtaylor.com; klevitsky@coochtaylor.com; yeremey@skclassactions.com; klaukaitis@laukaitislaw.com; dtomascik@laukaitislaw.com; Christina Tusan <ctusan@ctusanlaw.com>
**Subject:** Re: [External] Igloo Products Cases

After further review of the circumstances, plaintiffs in the *In re Igloo* matter intend to move to intervene in Central District, ask the court to vacate the Court's May 22, 2025 Order insofar as it pertains to interim counsel appointment, and to transfer the matter to Delaware.  Please let us know if anyone on your team is available for a meet and confer today or tomorrow.

On Mon, Jun 2, 2025 at 2:44 PM Joel Smith <joel@skclassactions.com> wrote:

Thank you for reaching out.  Do you or others on your team have a moment for a call tomorrow to discuss the cases, preferably sometime before 3pm PT/ 6pm ET?

On Wed, May 28, 2025 at 5:25 PM Matthew George <MGeorge@kaplanfox.com> wrote:

Counsel,

As you are aware, we are counsel for plaintiffs in the cases pending in the Central District of California arising from the recent recall over the Igloo coolers.  As set forth in the attached order, we have recently been appointed by Judge Fitzgerald to oversee the consolidation of those cases and forthcoming pleading motions and discovery.  Although we were not served with your motion to appoint lead counsel in the Delaware cases, it came to our attention in preparing our papers and we informed our Court of such.

Now that we have been appointed, we plan to file a short position statement with the Delaware Court informing it of our appointment and requesting that any appointments made there do not infringe Judge Fitzgerald's orders and the rights of parties in other jurisdictions.  To the extent your motion intends to impact Judge Fitzgerald's order, we would hope that you would apprise the Delaware Court of these developments and appropriately modify and tailor the relief you are seeking.

We look forward to working collaboratively and efficiently to vindicate the rights of consumers impacted by this recall.  If you would like to discuss these cases and our efforts to do so, please don't hesitate to reach out to myself or Christina Tusan at any time.

Regards,

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:      415.772.4707
Email:   mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by
applicable law.  If you are not an intended recipient, please destroy and/or delete all copies of
this message (including attachments) and notify the sender immediately.  Thank you.

**EXHIBIT 2**

Gmail

**Igloo Products Cases**

**Joel Smith** <joel@skclassactions.com>                                                                                                    Wed, Jun 18, 2025 at 1:34 PM
To: Matthew George <MGeorge@kaplanfox.com>
Cc: Christina Tusan <ctusan@ctusanlaw.com>, "gdick@coochtaylor.com" <gdick@coochtaylor.com>, "klevitsky@coochtaylor.com" <klevitsky@coochtaylor.com>,
"yeremey@skclassactions.com" <yeremey@skclassactions.com>, "klaukaitis@laukaitislaw.com" <klaukaitis@laukaitislaw.com>, "dtomascik@laukaitislaw.com"
<dtomascik@laukaitislaw.com>

Thank you

On Wed, Jun 18, 2025 at 1:15 PM Matthew George <MGeorge@kaplanfox.com> wrote:

> That time is fine here.  I can circulate an invite.
>
>
> Matthew B. George
> Kaplan Fox & Kilsheimer LLP
> 1999 Harrison Street, Suite 1560
> Oakland, California 94612
> Phone:  415.772.4700
> Fax:      415.772.4707
> Email:   mgeorge@kaplanfox.com
>
> The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please
> destroy and/or delete all copies of this message (including attachments) and notify the sender immediately.  Thank you.
>
>
> **From:** Christina Tusan <ctusan@ctusanlaw.com>
> **Sent:** Wednesday, June 18, 2025 8:56 AM
> **To:** Joel Smith <joel@skclassactions.com>; Matthew George <MGeorge@kaplanfox.com>
> **Cc:** gdick@coochtaylor.com; klevitsky@coochtaylor.com; yeremey@skclassactions.com; klaukaitis@laukaitislaw.com; dtomascik@laukaitislaw.com
> **Subject:** Re: [External] Igloo Products Cases
>
>
> That works for me.
>
>
> _____
>
> **From:** Joel Smith <joel@skclassactions.com>
> **Date:** Wednesday, June 18, 2025 8:55 AM
> **To:** Matthew George <MGeorge@kaplanfox.com>
> **Cc:** gdick@coochtaylor.com <gdick@coochtaylor.com>, klevitsky@coochtaylor.com <klevitsky@coochtaylor.com>, yeremey@skclassactions.com <yeremey@skclassactions.com>,
> klaukaitis@laukaitislaw.com <klaukaitis@laukaitislaw.com>, dtomascik@laukaitislaw.com <dtomascik@laukaitislaw.com>, Christina Tusan <ctusan@ctusanlaw.com>
> **Subject:** Re: [External] Igloo Products Cases
>
> Thanks for reaching out.  Today is a challenge, but how would 11 am PT/ 2 pm ET work for you tomorrow?
>
>
> On Tue, Jun 17, 2025 at 6:03 PM Matthew George <MGeorge@kaplanfox.com> wrote:
>
>> Joel and Yeremey,
>>
>>
>> Now that our case is transferred are you available for a call tomorrow at 1 Pacific to discuss next steps?  If not, we have good availability Thursday as well.
>>
>>
>> Thanks,
>>
>>
>> Matthew B. George
>> Kaplan Fox & Kilsheimer LLP
>> 1999 Harrison Street, Suite 1560
>> Oakland, California 94612
>> Phone:  415.772.4700
>> Fax:      415.772.4707
>> Email:  mgeorge@kaplanfox.com
>>
>> The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please
>> destroy and/or delete all copies of this message (including attachments) and notify the sender immediately.  Thank you.
>>
>>
>> _____
>>
>> **From:** Joel Smith <joel@skclassactions.com>
>> **Sent:** Monday, June 2, 2025 11:44 AM
>> **To:** Matthew George <MGeorge@kaplanfox.com>
>> **Cc:** gdick@coochtaylor.com; klevitsky@coochtaylor.com; yeremey@skclassactions.com; klaukaitis@laukaitislaw.com; dtomascik@laukaitislaw.com; Christina Tusan
>> <ctusan@ctusanlaw.com>
>> **Subject:** Re: [External] Igloo Products Cases
>>
>>
>> Thank you for reaching out.  Do you or others on your team have a moment for a call tomorrow to discuss the cases, preferably sometime before 3pm PT/ 6pm ET?

As you are aware, we are counsel for plaintiffs in the cases pending in the Central District of California arising from the recent recall over the Igloo coolers. As set forth in the attached order, we have recently been appointed by Judge Fitzgerald to oversee the consolidation of those cases and forthcoming pleading motions and discovery. Although we were not served with your motion to appoint lead counsel in the Delaware cases, it came to our attention in preparing our papers and we informed our Court of such.

Now that we have been appointed, we plan to file a short position statement with the Delaware Court informing it of our appointment and requesting that any appointments made there do not infringe Judge Fitzgerald's orders and the rights of parties in other jurisdictions. To the extent your motion intends to impact Judge Fitzgerald's order, we would hope that you would apprise the Delaware Court of these developments and appropriately modify and tailor the relief you are seeking.

We look forward to working collaboratively and efficiently to vindicate the rights of consumers impacted by this recall. If you would like to discuss these cases and our efforts to do so, please don't hesitate to reach out to myself or Christina Tusan at any time.

Regards,

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:     415.772.4707
Email:  mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law. If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately. Thank you.

**EXHIBIT 3**

 Gmail

**Joel Smith <joel@skclassactions.com>**

---

## FW: [External] Igloo Cases

**Leslie Pescia <lpescia@sirillp.com>**                                    Fri, Jul 25, 2025 at 3:26 PM
To: Joel Smith <joel@skclassactions.com>

Leslie Pescia, Esq.

### Siri | Glimstad

Direct: 646-442-6466

Main: 772-783-8463
Fax: 646-417-5967

101 North Seventh Street, #827

Louisville, KY 40202

sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

---

**From:** Leslie Pescia
**Sent:** Thursday, June 26, 2025 11:02 AM
**To:** Matthew George <MGeorge@kaplanfox.com>; Christina Tusan <ctusan@ctusanlaw.com>
**Cc:** Mason Barney <mbarney@sirillp.com>; Dan Tomascik <dtomascik@laukaitislaw.com>
**Subject:** RE: [External] Igloo Cases

I did! I just sent an invite for 12 PT. Look forward to talking to you both then.

Leslie Pescia, Esq.

### Siri | Glimstad

Direct: 646-442-6466

Main: 772-783-8463
Fax: 646-417-5967

101 North Seventh Street, #827

Louisville, KY 40202

sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**From:** Matthew George <MGeorge@kaplanfox.com>
**Sent:** Thursday, June 26, 2025 9:46 AM
**To:** Christina Tusan <ctusan@ctusanlaw.com>
**Cc:** Leslie Pescia <lpescia@sirillp.com>; Mason Barney <mbarney@sirillp.com>; Dan Tomascik <dtomascik@laukaitislaw.com>
**Subject:** Re: [External] Igloo Cases

Hi Leslie, I think you worked on the Robinhood case a couple years back? I can do 11, 12, and 2 Pacific today. Thanks.

On Jun 26, 2025, at 7:01 AM, Christina Tusan <ctusan@ctusanlaw.com> wrote:

It's nice to meet you. I have availability today except between 1:30 and 2:30 PT. I'm not sure what Matt's availability is so once we hear from him we can set something up.

Best,

Christina Tusan

Get Outlook for iOS

**From:** Leslie Pescia <lpescia@sirillp.com>
**Sent:** Thursday, June 26, 2025 6:57:15 AM
**To:** mgeorge@kaplanfox.com <mgeorge@kaplanfox.com>; Christina Tusan <ctusan@ctusanlaw.com>
**Cc:** Mason Barney <mbarney@sirillp.com>; Dan Tomascik <dtomascik@laukaitislaw.com>
**Subject:** Igloo Cases

Matt and Christina,

I don't think we have formally met, but I am working on the Igloo cases with Yeremy, and now that the cases have transferred, I wanted to reach out on behalf of our team. Do you all have some time this afternoon or tomorrow for a quick call to talk about some potential proposals on moving forward?

Leslie Pescia, Esq.
**Siri | Glimstad**

Direct: 646-442-6466

Main: 772-783-8463

Fax: 646-417-5967

101 North Seventh Street, #827

Louisville, KY 40202

sirillp.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

**EXHIBIT 4**



Joel Smith <joel@skclassactions.com>

---

## RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

**Ekiner, Kaan** <KEkiner@cozen.com>                                            Mon, Jun 30, 2025 at 12:44 PM
To: "Rutner, Erica" <ERutner@cozen.com>, "Zhao (Ruby) Liu" <liu@teamrosner.com>, Grant Dick <gdick@coochtaylor.com>,
Joel Smith <joel@skclassactions.com>, Matthew George <MGeorge@kaplanfox.com>
Cc: Christina Tusan <ctusan@ctusanlaw.com>, "Puretz, Michael" <MPuretz@cozen.com>, Yeremey Krivoshey
<yeremey@skclassactions.com>, Kevin Laukaitis <klaukaitis@laukaitislaw.com>, Mason Barney <mbarney@sirillp.com>,
"Barillo, Nathan" <NBarillo@cozen.com>

I am adding Nathan Barillo to the chain who can provide sign off for Igloo.

---

**From:** Rutner, Erica <ERutner@cozen.com>
**Sent:** Monday, June 30, 2025 12:40:06 PM
**To:** Zhao (Ruby) Liu <liu@teamrosner.com>; Grant Dick <gdick@coochtaylor.com>; Joel Smith
<joel@skclassactions.com>; Matthew George <MGeorge@kaplanfox.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Puretz, Michael <MPuretz@cozen.com>; Ekiner, Kaan
<KEkiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

We are good with this on Igloo's end. Thanks. Kaan is out of the office.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Zhao (Ruby) Liu <liu@teamrosner.com>
**Sent:** Monday, June 30, 2025 11:42 AM
**To:** Grant Dick <gdick@coochtaylor.com>; Joel Smith <joel@skclassactions.com>; Matthew George
<MGeorge@kaplanfox.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <ERutner@cozen.com>; Puretz, Michael
<MPuretz@cozen.com>; Ekiner, Kaan <KEkiner@cozen.com>; Yeremey Krivoshey
<yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

**\*\*EXTERNAL SENDER\*\***

The attached is the latest version I saw, which I'm signed off on. If there is a different version, please let me
know.

7/25/25, 2:53 PM                    Joel Smith Krivoshey PC Mail - RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

Case 1:25-cv-00298-JLH   Document 47   Filed 07/29/25   Page 16 of 76 PageID #: 644

Best,

Ruby

*Zhao "Ruby" Liu, Esq.*

刘钊律师

**The Rosner Law Group LLC**

824 N. Market Street, Suite 810

Wilmington, DE 19801

Office (电话): +1 (302) 777-1111

Direct (直线): +1 (302)-319-6306

Email (电邮): liu@teamrosner.com

Wechat (微信): ruby_zhaoer

---

**From:** Grant Dick <gdick@coochtaylor.com>
**Sent:** Monday, June 30, 2025 11:39 AM
**To:** Joel Smith <joel@skclassactions.com>; Matthew George <MGeorge@kaplanfox.com>
**Cc:** Zhao (Ruby) Liu <liu@teamrosner.com>; Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

I can finalize and will file once DE counsel authorize me to file this final version with their respective /s/.

Ruby and Kaan – kindly let me know if I am authorized to file.

Sincerely,

Grant

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Monday, June 30, 2025 8:00 AM
**To:** Matthew George <MGeorge@kaplanfox.com>
**Cc:** Grant Dick <gdick@coochtaylor.com>; Zhao (Ruby) Liu <liu@teamrosner.com>; Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** Re: [External] SPF Fail [External] In re Igloo: coordination on next steps


This is fine, thank you Matthew.  Grant - could someone in your shop please finalize and file this at your convenience today?


On Fri, Jun 27, 2025 at 5:51 PM Matthew George <MGeorge@kaplanfox.com> wrote:

> Joel,
>
> We are still fine with that proposal but had not heard others' view.  I just added this language to the stip at paragraph 3:  "In order to expedite the proceedings, Plaintiffs agree to waive opposition and reply briefing on any Rule 23(g) motions for appointment as interim class counsel."
>
> Thanks,
>
> Matthew B. George
> Kaplan Fox & Kilsheimer LLP
> 1999 Harrison Street, Suite 1560
> Oakland, California 94612
> Phone:   415.772.4700
> Fax:      415.772.4707
> Email:    mgeorge@kaplanfox.com
>
> The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately.  Thank you.
>
>
> **From:** Grant Dick <gdick@coochtaylor.com>
> **Sent:** Friday, June 27, 2025 2:07 PM
> **To:** Zhao (Ruby) Liu <liu@teamrosner.com>; Matthew George <MGeorge@kaplanfox.com>; Joel Smith <joel@skclassactions.com>
> **Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
> **Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps
>
>
> Done. Thank you, Ruby.

**From:** Zhao (Ruby) Liu <liu@teamrosner.com>
**Sent:** Friday, June 27, 2025 5:05 PM
**To:** Grant Dick <gdick@coochtaylor.com>; Matthew George <MGeorge@kaplanfox.com>; Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps


Thanks, Grant!


Can you please add **LLC** after "The ROSNER LAW GROUP" in the signature block?



*Zhao "Ruby" Liu, Esq.*

**刘**钊律师


**The Rosner Law Group LLC**

824 N. Market Street, Suite 810

Wilmington, DE 19801

Office (电话): +1 (302) 777-1111

Direct (直线): +1 (302)-319-6306

Email (电邮): liu@teamrosner.com

Wechat (微信): ruby_zhaoer




**From:** Grant Dick <gdick@coochtaylor.com>
**Sent:** Friday, June 27, 2025 4:58 PM
**To:** Matthew George <MGeorge@kaplanfox.com>; Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Zhao (Ruby) Liu <liu@teamrosner.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

I added her sig block and my proposed change below. Not sure if there are other comments. Thank you.

---

**From:** Matthew George <MGeorge@kaplanfox.com>
**Sent:** Friday, June 27, 2025 4:43 PM
**To:** Grant Dick gdick@coochtaylor.com; Joel Smith joel@skclassactions.com
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica erutner@cozen.com; Puretz, Michael mpuretz@cozen.com; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Zhao Liu <liu@teamrosner.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

Ms. Liu (copied here) has authorized her e-signature on the filing.  Will you add that or would you like me to?

Thanks,

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:      415.772.4707
Email:   mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately.  Thank you.

---

**From:** Grant Dick <gdick@coochtaylor.com>
**Sent:** Friday, June 27, 2025 1:32 PM
**To:** Matthew George <MGeorge@kaplanfox.com>; Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps

Got it. Forgot about your filing in the Consolidated Action. Apologies. That being the case, it would be appropriate to add Ruby to the signature block with her /s/ if so authorized by Ms. Liu.

---

**From:** Matthew George <MGeorge@kaplanfox.com>
**Sent:** Friday, June 27, 2025 4:27 PM

**To:** Grant Dick <gdick@coochtaylor.com>; Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps


Hi Grant,


As reflected on the docket we filed pro hac vices via Delaware counsel on 5/29 (ECF 22, 23) and they were granted on 5/30:


> SO ORDERED, re 23 Motion for Pro Hac Vice Appearance of Attorney Christina Tusan, 22 Motion for Pro Hac Vice Appearance of Attorney Matthew B. George filed by VY Nguyen, Kathryn Trainor, Anthony Zannettino, Robert Castellano. Ordered by Judge Jennifer L. Hall on 5/30/2025. (ceg) (Entered: 05/30/2025)


Please let me know if you have further questions.


Thanks,


Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:    415.772.4700
Fax:      415.772.4707
Email:    mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law. If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately. Thank you.

---

**From:** Grant Dick <gdick@coochtaylor.com>
**Sent:** Friday, June 27, 2025 1:22 PM
**To:** Matthew George <MGeorge@kaplanfox.com>; Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** RE: [External] SPF Fail [External] In re Igloo: coordination on next steps


Matthew – Are you and Christina admitted PHV by the Delaware Court? It is not reflected on the docket and requires association with Delaware counsel. If not, that should be removed from the signature block (or replaced with *pro hac vice* forthcoming)

Minor change below that should be incorporated:

2. → The recently-transferred ~~Zannettino~~ ~~California~~ Action should be consolidated for all purposes pursuant to Fed. R. Civ. P. 42, with the case file for the consolidated proceedings maintained under ~~Master File 1:~~ C.A. No. 1:25-cv-00298-JLH CONSOLIDATED.¶

---

**From:** Matthew George <MGeorge@kaplanfox.com>
**Sent:** Friday, June 27, 2025 3:59 PM
**To:** Joel Smith <joel@skclassactions.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Grant Dick <gdick@coochtaylor.com>
**Subject:** RE: [External] In re Igloo: coordination on next steps

Attached is a redline with those changes and some additional nits that I caught. If there are any further edits or questions, please circulate again for approval before filing. Thank you.

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:      415.772.4707
Email:   mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law. If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately. Thank you.

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Friday, June 27, 2025 2:37 AM
**To:** Matthew George <MGeorge@kaplanfox.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Grant Dick

<gdick@coochtaylor.com>

**Subject:** Re: [External] In re Igloo: coordination on next steps

Could you please send over redlines of any edits you would like in the document?

On Thu, Jun 26, 2025 at 6:04 PM Matthew George <MGeorge@kaplanfox.com> wrote:

Hi Joel,

The stipulation generally looks fine although with the upcoming holiday next week we would like 14 days for motions for lead counsel appointments.  We are also willing to forgo oppositions and reply briefing on the 23G motions in order to expedite the case and conserve resources.  If you agree and would like to add that language to the order, please do.

A couple of other nits:  (1) Please add Kathryn Trainor to the list of Plaintiffs on the caption; and (2) Please add "et al" after Zannettino in the third WHEREAS clause.

Last, Christina and I are both *pro hac*'ed in there so you can add us to the list of counsel for the "*Zannettino* Plaintiffs" or Plaintiffs Zannettino, Trainor, Castellano, and Ngyuen if you want to list them out. Our captions are below:

**TUSAN LAW, PC**

Christina Victoria Tusan (*pro hac vice*)

680 East Colorado Boulevard, Suite 180

Pasadena, CA 91101

Telephone: (626) 418-8203

Email:  ctusan@ctusanlaw.com

**KAPLAN FOX & KILSHEIMER LLP**

Matthew B. George (*pro hac vice*)

1999 Harrison Street, Suite 1501

Oakland, CA  94612

Telephone: (415) 772-4700

Facsimile:  (415) 772-4707

Email:  mgeorge@kaplanfox.com

Let us know if you have any questions.


Regards,


Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone: 415.772.4700
Fax:    415.772.4707
Email:  mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law. If you are not an intended recipient, please destroy and/or delete all copies of this message (including attachments) and notify the sender immediately. Thank you.

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Thursday, June 26, 2025 9:17 AM
**To:** Christina Tusan <ctusan@ctusanlaw.com>; Matthew George <MGeorge@kaplanfox.com>
**Cc:** Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Grant Dick <gdick@coochtaylor.com>
**Subject:** [External] In re Igloo: coordination on next steps

Christina and Matthew - I'm reaching out about next steps in the case now that the California cases have been transferred to Delaware. Attached is a proposed stipulation setting out a timeline for 23g appointment, filing an amended complaint if one will be filed, and extending Igloo's time to respond until those first two issues are sorted out. Can you please let me know if this works from your perspective or if you have any suggested edits?


My understanding is that Igloo approves of this approach (defense counsel is cc'd here), and given the current July 7 deadline to respond in the In re Igloo action, Igloo is hoping we can get this on file soon. Thanks for your attention to this,


--

**Joel D. Smith**

**Smith Krivoshey, PC**

867 Boylston Street, 5th Floor #1520, Boston, MA, 02116

D: (617) 377-7404 | M: 415-690-9945

joel@skclassactions.com | www.skclassactions.com


*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the*

intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

**EXHIBIT 5**

 Gmail

**Joel Smith <joel@skclassactions.com>**

## In re Igloo: coordination on next steps

**Matthew George <MGeorge@kaplanfox.com>**                                Fri, Jun 27, 2025 at 3:58 PM
To: Joel Smith <joel@skclassactions.com>
Cc: Christina Tusan <ctusan@ctusanlaw.com>, "Rutner, Erica" <erutner@cozen.com>, "Puretz, Michael"
<mpuretz@cozen.com>, "Ekiner, Kaan" <kekiner@cozen.com>, Yeremey Krivoshey <yeremey@skclassactions.com>, Kevin
Laukaitis <klaukaitis@laukaitislaw.com>, Mason Barney <mbarney@sirillp.com>, Grant Dick <gdick@coochtaylor.com>

Attached is a redline with those changes and some additional nits that I caught.  If there are any further
edits or questions, please circulate again for approval before filing.  Thank you.

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:     415.772.4707
Email:  mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable
law.  If you are not an intended recipient, please destroy and/or delete all copies of this message (including
attachments) and notify the sender immediately.  Thank you.

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Friday, June 27, 2025 2:37 AM
**To:** Matthew George <MGeorge@kaplanfox.com>
**Cc:** Christina Tusan <ctusan@ctusanlaw.com>; Rutner, Erica <erutner@cozen.com>; Puretz, Michael
<mpuretz@cozen.com>; Ekiner, Kaan <kekiner@cozen.com>; Yeremey Krivoshey
<yeremey@skclassactions.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>; Grant Dick <gdick@coochtaylor.com>
**Subject:** Re: [External] In re Igloo: coordination on next steps

Could you please send over redlines of any edits you would like in the document?

On Thu, Jun 26, 2025 at 6:04 PM Matthew George <MGeorge@kaplanfox.com> wrote:

Hi Joel,

The stipulation generally looks fine although with the upcoming holiday next week we would like 14 days for
motions for lead counsel appointments.  We are also willing to forgo oppositions and reply briefing on the 23G
motions in order to expedite the case and conserve resources.  If you agree and would like to add that language to
the order, please do.

A couple of other nits:  (1) Please add Kathryn Trainor to the list of Plaintiffs on the caption; and (2) Please add "et al" after Zannettino in the third WHEREAS clause.

Last, Christina and I are both *pro hac*'ed in there so you can add us to the list of counsel for the "*Zannettino* Plaintiffs" or Plaintiffs Zannettino, Trainor, Castellano, and Ngyuen if you want to list them out. Our captions are below:

**TUSAN LAW, PC**

Christina Victoria Tusan (*pro hac vice*)

680 East Colorado Boulevard, Suite 180

Pasadena, CA 91101

Telephone: (626) 418-8203

Email:  *ctusan@ctusanlaw.com*

**KAPLAN FOX & KILSHEIMER LLP**

Matthew B. George (*pro hac vice*)

1999 Harrison Street, Suite 1501

Oakland, CA  94612

Telephone: (415) 772-4700

Facsimile:  (415) 772-4707

Email:  *mgeorge@kaplanfox.com*

Let us know if you have any questions.

Regards,

Matthew B. George
Kaplan Fox & Kilsheimer LLP
1999 Harrison Street, Suite 1560
Oakland, California 94612
Phone:  415.772.4700
Fax:     415.772.4707
Email:  mgeorge@kaplanfox.com

The foregoing may be a privileged and confidential communication protected from disclosure by applicable law.  If you are not an intended recipient, please destroy and/or delete all copies of this

message (including attachments) and notify the sender immediately.  Thank you.

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Thursday, June 26, 2025 9:17 AM
**To:** Christina Tusan <ctusan@ctusanlaw.com>; Matthew George <MGeorge@kaplanfox.com>
**Cc:** Rutner, Erica <erutner@cozen.com>; Puretz, Michael <mpuretz@cozen.com>; Ekiner, Kaan
<kekiner@cozen.com>; Yeremey Krivoshey <yeremey@skclassactions.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Grant Dick
<gdick@coochtaylor.com>
**Subject:** [External] In re Igloo: coordination on next steps

Christina and Matthew - I'm reaching out about next steps in the case now that the California cases have been
transferred to Delaware.  Attached is a proposed stipulation setting out a timeline for 23g appointment, filing an
amended complaint if one will be filed, and extending Igloo's time to respond until those first two issues are sorted out.
Can you please let me know if this works from your perspective or if you have any suggested edits?

My understanding is that Igloo approves of this approach (defense counsel is cc'd here), and given the current July 7
deadline to respond in the In re Igloo action, Igloo is hoping we can get this on file soon.  Thanks for your attention to
this,

--

Joel D. Smith

**Smith Krivoshey, PC**

867 Boylston Street, 5th Floor #1520, Boston, MA, 02116

D: (617) 377-7404 | M: 415-690-9945

joel@skclassactions.com | www.skclassactions.com

 **Stip to extend time to respond to complaint (1)-redline.docx**
38K

**EXHIBIT 6**

 Gmail

**Joel Smith <joel@skclassactions.com>**

---

## Holton v. Igloo - Case No. 1:25-cv-00298

**Erica Rutner** <e.rutner@mooreandlee.com>                    Fri, May 9, 2025 at 12:26 PM
To: Yeremey Krivoshey <yeremey@skclassactions.com>
Cc: Joel Smith <joel@skclassactions.com>, Grant Dick <gdick@coochtaylor.com>, "erutner@cozen.com"
<erutner@cozen.com>

Counsel,


As you know, today is my last day at Moore & Lee. My email will be switching as of 5 pm eastern today when I will
officially be joining the firm Cozen O'Connor. My new email will be erutner@cozen.com. I have cc'd myself with the new
Cozen email so you also have it here if you need for future reference.  Thanks.




Erica Rutner

Moore & Lee, P.C.

110 SE 6th St., Suite 1980

Fort Lauderdale, FL 33301

(703) 940-3763 Telephone

(786) 897-9528 Cell

(703) 506-2051 Facsimile

e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Thursday, May 1, 2025 4:36 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** Ekiner, Kaan <KEkiner@cozen.com>; Joel Smith <joel@skclassactions.com>; Grant Dick
<gdick@coochtaylor.com>; Barillo, Nathan <NBarillo@cozen.com>; mpuretz@cozen.com
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298


Works for me


Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

On Thu, May 1, 2025, 4:24 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:

Great. 130 works on my end. Does that work for everyone else?

Erica Rutner
Moore & Lee, P.C.
110 SE 6th St., Suite 1980
Fort Lauderdale, FL 33301
(703) 940-3763 Telephone
(786) 897-9528 Cell
(703) 506-2051 Facsimile
e.rutner@mooreandlee.com

---

**From:** Ekiner, Kaan <KEkiner@cozen.com>
**Sent:** Thursday, May 1, 2025 1:14:32 PM
**To:** Yeremey Krivoshey <yeremey@skclassactions.com>; Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com <joel@skclassactions.com>; gdick@coochtaylor.com
<gdick@coochtaylor.com>; Puretz, Michael <MPuretz@cozen.com>; Barillo, Nathan <NBarillo@cozen.com>
**Subject:** RE: Holton v. Igloo - Case No. 1:25-cv-00298

I can meet Monday afternoon from 1:30-3, or 4-5.



**Kaan Ekiner**
**Member | Cozen O'Connor**
1201 North Market Street, Suite 1001 | Wilmington, DE 19801
P: 302-295-2046 F: 302-250-4356
Email | Map | cozen.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Thursday, May 1, 2025 3:55 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael
<MPuretz@cozen.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

**\*\*EXTERNAL SENDER\*\***

Monday is fine for me. But given that the local rules require that Delaware counsel be present, I will work around their schedule.

On Thu, May 1, 2025 at 12:55 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Yeremy,
>
> That sounds good. As I will be joining Cozen effective May 10, Kaan Ekiner from Cozen (cc'd here) will be taking over as local for Buchanan. I am traveling this week but can talk on Monday of next week if that works for you and Kaan. Thanks.
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Thursday, May 1, 2025 11:49 AM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

Could we get on a call with our local counsel to discuss next steps? We would like to meet and confer re consolidation and a motion for the court to appoint interim lead counsel. We can probably stip to extend your deadline to respond while that motion is pending.

On Thu, May 1, 2025 at 11:42 AM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Yeremy,
>
> Now that the Illinois matter has been transferred to Delaware, are you planning to file an amended complaint? Our response deadline is otherwise coming due and I think it would be ideal if we could agree on a briefing schedule for the response if you intend to file an amended complaint. Please let me know. Thanks.
>
> Erica Rutner
>
> Moore & Lee, P.C.

110 SE 6th St., Suite 1980

Fort Lauderdale, FL 33301

(703) 940-3763 Telephone

(786) 897-9528 Cell

(703) 506-2051 Facsimile

e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Monday, April 21, 2025 3:24 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298


I'm free for the next two hours if you would like to call direct, and am generally available the rest of the week other than some minor conflicts here and there.


On Mon, Apr 21, 2025 at 3:19 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Yeremy,
>
> Do you have some time this week to discuss this matter?
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Wednesday, March 26, 2025 1:04 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

I am in the zoom meeting. Do we need to reschedule?

On Tue, Mar 25, 2025 at 8:52 AM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Yes, will do. Thanks.
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com
>
> ---
>
> **From:** Yeremey Krivoshey <yeremey@skclassactions.com>
> **Sent:** Monday, March 24, 2025 5:48 PM
> **To:** Erica Rutner <e.rutner@mooreandlee.com>
> **Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
> **Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298
>
> That works. Can you send a dial in?
>
> On Mon, Mar 24, 2025 at 5:42 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:
>
> > Thanks.  How about Wednesday at 1 et?
> >
> > Erica Rutner
> >
> > Moore & Lee, P.C.
> >
> > 110 SE 6th St., Suite 1980
> >
> > Fort Lauderdale, FL 33301
> >
> > (703) 940-3763 Telephone
> >
> > (786) 897-9528 Cell
> >
> > (703) 506-2051 Facsimile
> >
> > e.rutner@mooreandlee.com

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Monday, March 24, 2025 5:29 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz
<m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

Hi Erica,

I have time to chat tomorrow around noon-1:30 eastern, or Wednesday 10-4 eastern. Let me know if
any of those times work for you.

On Mon, Mar 24, 2025 at 10:06 AM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Counsel,
>
> I represent Igloo in the above referenced matter. Are you available for a call this week to discuss?
> Please send some times. Thank you.
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com

--

**Yeremey Krivoshey**

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

**Yeremey Krivoshey**

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**EXHIBIT 7**

 **Gmail**

**Joel Smith <joel@skclassactions.com>**

---

## Holton v. Igloo - Case No. 1:25-cv-00298

**Yeremey Krivoshey** <yeremey@skclassactions.com>                    Wed, Mar 26, 2025 at 1:54 PM
To: Erica Rutner <e.rutner@mooreandlee.com>
Cc: "joel@skclassactions.com" <joel@skclassactions.com>, "gdick@coochtaylor.com" <gdick@coochtaylor.com>, Michael
Puretz <m.puretz@mooreandlee.com>

No. We offered a 30 day extension, which is more than reasonable, and then offered 45 on the call just to avoid motion
practice. 21 days, plus 74 days, is 95 days to respond to the complaint. That's not reasonable in a straight-forward CPSC
recall class action, given that these kinds of cases have an established body of case law and present no novel issues.

> On Wed, Mar 26, 2025 at 1:50 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:
>
> Yeremy,
>
> I realized that June 15 is a 74 day extension not a 90 day extension, would you be amenable to that?
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com
>
> ---
>
> **From:** Yeremey Krivoshey <yeremey@skclassactions.com>
> **Sent:** Wednesday, March 26, 2025 1:04 PM
> **To:** Erica Rutner <e.rutner@mooreandlee.com>
> **Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
> **Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298
>
> I am in the zoom meeting. Do we need to reschedule?
>
> > On Tue, Mar 25, 2025 at 8:52 AM Erica Rutner <e.rutner@mooreandlee.com> wrote:
> >
> > Yes, will do. Thanks.
> >
> > Erica Rutner

Moore & Lee, P.C.

110 SE 6th St., Suite 1980

Fort Lauderdale, FL 33301

(703) 940-3763 Telephone

(786) 897-9528 Cell

(703) 506-2051 Facsimile

e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Monday, March 24, 2025 5:48 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

That works. Can you send a dial in?

On Mon, Mar 24, 2025 at 5:42 PM Erica Rutner <e.rutner@mooreandlee.com> wrote:

Thanks.  How about Wednesday at 1 et?

Erica Rutner

Moore & Lee, P.C.

110 SE 6th St., Suite 1980

Fort Lauderdale, FL 33301

(703) 940-3763 Telephone

(786) 897-9528 Cell

(703) 506-2051 Facsimile

e.rutner@mooreandlee.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Monday, March 24, 2025 5:29 PM
**To:** Erica Rutner <e.rutner@mooreandlee.com>
**Cc:** joel@skclassactions.com; gdick@coochtaylor.com; Michael Puretz <m.puretz@mooreandlee.com>
**Subject:** Re: Holton v. Igloo - Case No. 1:25-cv-00298

Hi Erica,

I have time to chat tomorrow around noon-1:30 eastern, or Wednesday 10-4 eastern. Let me know if any of those times work for you.

On Mon, Mar 24, 2025 at 10:06 AM Erica Rutner <e.rutner@mooreandlee.com> wrote:

> Counsel,
>
> I represent Igloo in the above referenced matter. Are you available for a call this week to discuss? Please send some times. Thank you.
>
> Erica Rutner
>
> Moore & Lee, P.C.
>
> 110 SE 6th St., Suite 1980
>
> Fort Lauderdale, FL 33301
>
> (703) 940-3763 Telephone
>
> (786) 897-9528 Cell
>
> (703) 506-2051 Facsimile
>
> e.rutner@mooreandlee.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

--

**Yeremey Krivoshey**

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com


--
**Yeremey Krivoshey**
**Smith Krivoshey, PC**
166 Geary Str STE 1500-1507, San Francisco, CA 94108
D: (415) 839-7077 | M: (502) 807-9474
yeremey@skclassactions.com | www.skclassactions.com

**EXHIBIT 8**



**Grant Dick** <gdick@coochtaylor.com>                                          Mon, Mar 31, 2:34 PM
to Geoffrey G. Grivner, Yeremey Krivoshey ▾

Good afternoon, Geoff –

Copying my co-counsel Yeremey Krivoshey. It is my understanding that our respective co-counsel already discussed the extension request and that Plaintiff agreed to a 45-day extension to the response deadline. If you would like to get everyone on a call to discuss further, let us know. We have limited availability this week and are unavailable Wednesday through Friday. If you want to speak today or tomorrow please propose some times.

Sincerely,
Grant

---

**From:** Geoffrey G. Grivner <geoffrey.grivner@bipc.com>
**Sent:** Monday, March 31, 2025 11:16 AM
**To:** Grant Dick <gdick@coochtaylor.com>
**Subject:** [EXTERNAL]Holton v. Igloo (D. Del.)

Grant,

As you may have seen, I have entered my appearance in this matter. My co-counsel, Erica Rutner, has reached out to your co-counsel I believe. We are requesting 90 days from the date of service to respond to the complaint. I, of course, recognize that this is a rather long extension request, but there are some extenuating circumstances that I am happy to discuss with you if necessary. Let me know if your side will agree to the extension or if we can set up a call to discuss.

Geoff

## Geoffrey Grivner
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com

**EXHIBIT 9**



**Geoffrey G. Grivner** <geoffrey.grivner@bipc.com>                                    📎   Tue, Apr 1, 12:19 PM
to Grant Dick, Yeremey Krivoshey, Erica Rutner, Michael Puretz  ▾

Grant.

After conferring further with co-counsel, we will agree to the 45 day extension at this time. Attached is a stipulation memorializing this. Please let me know if I can add your /s/ and file.

Thanks,

Geoff

### Geoffrey Grivner
**Shareholder**

500 Delaware Avenue, Suite 720
Wilmington, DE 19801-7407
302 552 4207 (o)
484 431 6101 (c)
geoffrey.grivner@bipc.com


## Buchanan

vCard | Bio | BIPC.com | Twitter | LinkedIn

**EXHIBIT 10**



Joel Smith <joel@skclassactions.com>

---

## Igloo - consolidation stip

**Rutner, Erica** <ERutner@cozen.com>                    Thu, Jun 26, 2025 at 11:40 AM
To: Joel Smith <joel@skclassactions.com>
Cc: Yeremey Krivoshey <yeremey@skclassactions.com>, "Ekiner, Kaan" <KEkiner@cozen.com>, "Puretz, Michael"
<MPuretz@cozen.com>, Grant Dick <gdick@coochtaylor.com>, Kevin Laukaitis <klaukaitis@laukaitislaw.com>, Dan
Tomascik <dtomascik@laukaitislaw.com>, Mason Barney <mbarney@sirillp.com>, "Kurtz, Chad E." <ckurtz@cozen.com>

Joel,


We are generally good with this approach. Obviously if we still have not been able to finalize and file this by July 7, we will
need to get something else on file in the interim just letting the court know that we are extending our response deadline.
Please confirm you are agreeable with that.


The only issue we have with the stip is the sentence stating that Defendants take no position on the appointment of lead
counsel. Now that all the cases are together and all of the firms involved will be participating in a single consolidated
action, we may very well take a position on the appointment of lead counsel. As such, please remove this sentence from
paragraph 3: "Defendant takes no position concerning interim leadership and by agreeing to this stipulation." Please keep
the remainder of the paragraph.  And then we should involve Christina and her team as soon as possible so we can move
this along.




**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Thursday, June 26, 2025 11:01 AM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael
<MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>;
Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Kurtz, Chad E.
<ckurtz@cozen.com>
**Subject:** Re: Igloo - consolidation stip


**\*\*EXTERNAL SENDER\*\***

Erica, I agree extending Igloo's response deadline makes sense, but there are a couple of other moving parts that impact
when and if the amended complaint will be filed, which in turn impacts the response deadline. We'll also need to loop in
the counsel for the California case, which has been transferred already, because the stip impacts their interests too, so
they'll need an opportunity to weigh-in. The attached edits are modelled on stipulations filed in other cases where there
were similar issues.  I propose we set up a series of stages where we first get things consolidated, then sort out

leadership because that will determine whether an amended complaint is being filed and who is filing it, and then key Igloo's response deadline from that.  Can you let me know if this general concept works for you, and if so, I'll reach out to the other counsel to get their view?

On Wed, Jun 25, 2025 at 1:47 PM Rutner, Erica <ERutner@cozen.com> wrote:

Joel,

Here you go. Let us know of any comments.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 24, 2025 6:35 AM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** Re: Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

Please send along your proposed stipulation at your earliest convenience.

On Mon, Jun 23, 2025 at 10:25 AM Rutner, Erica <ERutner@cozen.com> wrote:

Joel,

Please let us know immediately what your position is on the response deadline. We need to move to stay the response deadline if you will not agree and that will take time, so we need your position asap. Thank you.

**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Wednesday, June 18, 2025 10:10:14 AM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** Re: Igloo - consolidation stip

**EXTERNAL SENDER**

I plan to discuss with the California counsel shortly and get back to you. The response deadline isn't due until next month so we have a few days to get next steps sorted out.

On Wed, Jun 18, 2025 at 9:49 AM Rutner, Erica <ERutner@cozen.com> wrote:

Joel,

Following up on the below. We intend to file a motion to stay if you will not stipulate, so please let us know your position asap. Thanks.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

**From:** Rutner, Erica
**Sent:** Tuesday, June 17, 2025 1:05 PM
**To:** Joel Smith <joel@skclassactions.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>; Kurtz, Chad E. <ckurtz@cozen.com>
**Subject:** RE: Igloo - consolidation stip

Joel,

Given that Zannettino is now pending in Delaware, will you agree to stay our response deadline to the current operative Holton complaint pending consolidation and the filing of an amended consolidated complaint?



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Friday, June 13, 2025 3:02 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz,
Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip


**\*\*EXTERNAL SENDER\*\***

Erica, this is fine.  Is your proposal for the next step in the Delaware action to stipulate to withdrawal without
prejudice of the pending 23(g) motion?


On Fri, Jun 13, 2025 at 2:58 PM Rutner, Erica <ERutner@cozen.com> wrote:

Joel, per our conversation, here is the stip we intend to file in Zannettino.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Friday, June 13, 2025 2:41 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz,
Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip


**\*\*EXTERNAL SENDER\*\***

Erica, let's have a quick call today if you're free. I'm not clear on what kind of motion you're contemplating or why it's necessary to file it today, but perhaps if we talk it through, we can figure out what the options are.

On Fri, Jun 13, 2025 at 2:17 PM Rutner, Erica <ERutner@cozen.com> wrote:

> Joel,
>
> Counsel in Zannettino will not agree to the stipulation if we have to wait until the court enters the stip, as that could take some time. Will you agree to withdraw as soon as we file the stip? Otherwise we will have to file a motion today. Please let me know as soon as you can, thank you.
>
> **Erica Rutner**
> **Member | Cozen O'Connor**
> 1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
> P: 561-245-6120 F: 561-245-6213
> Email | Map | cozen.com
>
> ---
>
> **From:** Joel Smith <joel@skclassactions.com>
> **Sent:** Friday, June 13, 2025 11:56:56 AM
> **To:** Rutner, Erica <ERutner@cozen.com>
> **Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
> **Subject:** Re: Igloo - consolidation stip
>
>
> **\*\*EXTERNAL SENDER\*\***
>
> We can agree to withdraw our motion without prejudice after we see the stipulation in the California proceedings filed and entered.
>
> On Fri, Jun 13, 2025 at 8:58 AM Rutner, Erica <ERutner@cozen.com> wrote:
>
>> Counsel,
>>
>> We have heard from counsel in Zannettino and they are going to agree to stipulate to transfer.  We will be asking the court in Holton to stay resolution of your motion to be appointed lead counsel in light of that. Please let us know if you will agree to stipulate to stay your motion until Zannettino can be transferred and both sides can fairly present their position to the court. This would be consistent with the position taken in your motion to intervene.
>>
>> Please also let us know if you will stipulate to extending our response deadline until Zannettino is transferred and consolidated with Holton.
>>
>> We are happy to get on a call to discuss. However, given the now pressing need to get something on file in Holton to ensure the court does not rule on your motion yet, we will need to do that today as we would like to get that on file today. Thank you.

Erica Rutner
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Rutner, Erica
**Sent:** Thursday, June 12, 2025 1:33:42 PM
**To:** Joel Smith <joel@skclassactions.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>;
Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>
**Subject:** RE: Igloo - consolidation stip

Counsel,

I see that you scheduled the hearing on your motion to intervene for July 14. I will be out of the country
then. Can we please move the hearing to a later date? It may also make sense to have a combined
hearing that includes our motion to transfer on the same date. We will be filing that as soon as the
amended complaint is filed in Zannettino.

Thank you.



Erica Rutner
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 3, 2025 4:58 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>;
Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis
<klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney
<mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

Thank you Erica, for purposes of the upcoming motion, may we agree that we've sufficiently met and
conferred, or would you prefer to talk over the phone? I or someone on my team can promptly be
available today or tomorrow at your convenience.

On Tue, Jun 3, 2025 at 4:52 PM Rutner, Erica <ERutner@cozen.com> wrote:

> Joel,
>
> We certainly would not object to your intervening in order to move to transfer. However, we are not taking a position on the interim counsel appointment other than to state that we do not believe the court in Delaware has authority to appoint anyone as lead counsel with respect to cases that are pending outside the district.
>
> Also, we have given some thought to your suggestion that we can move to transfer now without waiting for the consolidated complaint in California. Upon consideration, we do not believe that is either efficient or practical. Given that there are currently three operative complaints, we would have to address and discuss the plaintiffs, claims, and proposed classes in each discrete complaint on an individual basis—thereby making the motion cumbersome and unwieldy. Equally as important, as soon as the consolidated complaint is file, the motion to transfer would be moot by the filing of a new complaint and we would have to then refile the motion focused solely on the allegations in the newly filed consolidated complaint.  We are not going to waste our resources or the Court's time engaging in such an unnecessary endeavor, particularly because it will not actually result in any time savings with respect to resolution of the motion.
>
> 
>
> **Erica Rutner**
> **Member | Cozen O'Connor**
> 1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
> P: 561-245-6120 F: 561-245-6213
> Email | Map | cozen.com

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 3, 2025 1:44 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Lisa Considine <lconsidine@sirillp.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

Erica, the plaintiffs in the *In re Igloo* matter intend to move to intervene in Central District, ask the court to vacate the Court's May 22, 2025 Order insofar as it pertains to interim counsel appointment, and to transfer the matter to Delaware.  My understanding is that Igloo was planning to file its own motion to transfer to Delaware and that it's agnostic about the leadership issue, so presumably it has no objection, but if you would like to meet and confer over it, I or someone on my team can jump on the phone today or tomorrow.

On Mon, May 12, 2025 at 11:58 AM Rutner, Erica <ERutner@cozen.com> wrote:

Yeremy,

The stip looks good. You have our permission to sign and file.  Thank you!



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Friday, May 9, 2025 1:45 PM
**To:** Ekiner, Kaan <KEkiner@cozen.com>; Rutner, Erica <ERutner@cozen.com>
**Cc:** Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>;
Dan Tomascik <dtomascik@laukaitislaw.com>; Lisa Considine <lconsidine@sirillp.com>;
Mason Barney <mbarney@sirillp.com>; Joel Smith <joel@skclassactions.com>
**Subject:** Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

Hi Erica,

Figured it made sense to start a new thread given that you are at a new firm, and there's now a
bigger team on my side.  Please see the attached stipulation, and please make whatever edits you
think are appropriate.

--

**Yeremey Krivoshey**

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com

*Notice: This communication, including attachments, may contain information that is
confidential and protected by the attorney/client or other privileges. It constitutes
non-public information intended to be conveyed only to the designated recipient(s). If
the reader or recipient of this communication is not the intended recipient, an
employee or agent of the intended recipient who is responsible for delivering it to the
intended recipient, or you believe that you have received this communication in error,
please notify the sender immediately by return e-mail and promptly delete this e-*

**EXHIBIT 11**

M **Gmail**                                                                                           Joel Smith <joel@skclassactions.com>

## Igloo - consolidation stip

**Rutner, Erica** <ERutner@cozen.com>                                                    Tue, Jun 3, 2025 at 5:02 PM
To: Joel Smith <joel@skclassactions.com>
Cc: Yeremey Krivoshey <yeremey@skclassactions.com>, "Ekiner, Kaan" <KEkiner@cozen.com>, "Puretz, Michael"
<MPuretz@cozen.com>, Grant Dick <gdick@coochtaylor.com>, Kevin Laukaitis <klaukaitis@laukaitislaw.com>, Dan
Tomascik <dtomascik@laukaitislaw.com>, Mason Barney <mbarney@sirillp.com>

> I believe we have sufficiently conferred. Thank you.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 3, 2025 4:58 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael
<MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>;
Dan Tomascik <dtomascik@laukaitislaw.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

> Thank you Erica, for purposes of the upcoming motion, may we agree that we've sufficiently met and conferred, or would
> you prefer to talk over the phone?  I or someone on my team can promptly be available today or tomorrow at your
> convenience.

On Tue, Jun 3, 2025 at 4:52 PM Rutner, Erica <ERutner@cozen.com> wrote:

> Joel,

> We certainly would not object to your intervening in order to move to transfer. However, we are not taking a position on
> the interim counsel appointment other than to state that we do not believe the court in Delaware has authority to
> appoint anyone as lead counsel with respect to cases that are pending outside the district.

> Also, we have given some thought to your suggestion that we can move to transfer now without waiting for the
> consolidated complaint in California. Upon consideration, we do not believe that is either efficient or practical. Given
> that there are currently three operative complaints, we would have to address and discuss the plaintiffs, claims, and

proposed classes in each discrete complaint on an individual basis—thereby making the motion cumbersome and unwieldy. Equally as important, as soon as the consolidated complaint is file, the motion to transfer would be moot by the filing of a new complaint and we would have to then refile the motion focused solely on the allegations in the newly filed consolidated complaint.  We are not going to waste our resources or the Court's time engaging in such an unnecessary endeavor, particularly because it will not actually result in any time savings with respect to resolution of the motion.



**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

---

**From:** Joel Smith <joel@skclassactions.com>
**Sent:** Tuesday, June 3, 2025 1:44 PM
**To:** Rutner, Erica <ERutner@cozen.com>
**Cc:** Yeremey Krivoshey <yeremey@skclassactions.com>; Ekiner, Kaan <KEkiner@cozen.com>; Puretz, Michael <MPuretz@cozen.com>; Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Lisa Considine <lconsidine@sirillp.com>; Mason Barney <mbarney@sirillp.com>
**Subject:** Re: Igloo - consolidation stip


**\*\*EXTERNAL SENDER\*\***

Erica, the plaintiffs in the *In re Igloo* matter intend to move to intervene in Central District, ask the court to vacate the Court's May 22, 2025 Order insofar as it pertains to interim counsel appointment, and to transfer the matter to Delaware.  My understanding is that Igloo was planning to file its own motion to transfer to Delaware and that it's agnostic about the leadership issue, so presumably it has no objection, but if you would like to meet and confer over it, I or someone on my team can jump on the phone today or tomorrow.


On Mon, May 12, 2025 at 11:58 AM Rutner, Erica <ERutner@cozen.com> wrote:

Yeremy,


The stip looks good. You have our permission to sign and file.  Thank you!




**Erica Rutner**
**Member | Cozen O'Connor**
1801 N Military Trail, Suite 200 | Boca Raton, FL 33431
P: 561-245-6120 F: 561-245-6213
Email | Map | cozen.com

**From:** Yeremey Krivoshey <yeremey@skclassactions.com>
**Sent:** Friday, May 9, 2025 1:45 PM
**To:** Ekiner, Kaan <KEkiner@cozen.com>; Rutner, Erica <ERutner@cozen.com>
**Cc:** Grant Dick <gdick@coochtaylor.com>; Kevin Laukaitis <klaukaitis@laukaitislaw.com>; Dan Tomascik <dtomascik@laukaitislaw.com>; Lisa Considine <lconsidine@sirillp.com>; Mason Barney <mbarney@sirillp.com>; Joel Smith <joel@skclassactions.com>
**Subject:** Igloo - consolidation stip

**\*\*EXTERNAL SENDER\*\***

Hi Erica,


Figured it made sense to start a new thread given that you are at a new firm, and there's now a bigger team on my side.  Please see the attached stipulation, and please make whatever edits you think are appropriate.


--

Yeremey Krivoshey

**Smith Krivoshey, PC**

166 Geary Str STE 1500-1507, San Francisco, CA 94108

D: (415) 839-7077 | M: (502) 807-9474

yeremey@skclassactions.com | www.skclassactions.com


*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*


*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

*Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.*

**EXHIBIT 12**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ZANNETTINO, and KATHRYN TAILOR, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> IGLOO PRODUCTS CORP. <br><br> Defendant. | Case No. 2:25-cv-01917-MWF  (JCx) <br><br> **NOTICE OF MOTION AND MOTION TO INTERVENE AND TO** <br><br> **(1) VACATE WITHOUT PREJUDICE ORDER GRANTING STIPULATION TO APPOINT INTERIM CO-LEAD COUNSEL AND** <br><br> **(2) TRANSFER THIS CASE TO THE DISTRICT OF DELAWARE** <br><br> DATE:        JULY 14, 2025 <br> TIME:        10:00 A.M. <br> PLACE:      COURTROOM 5A |

MOTION TO INTERVENE, VACATE, AND TRANSFER;
CASE NO. 2:25-CV-01917-MWF (JCx)

| | |
|---|---|
| ROBERT CASTELLANO, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-02733-MWF (JCx) |
| **Plaintiff,** | |
| v. | |
| IGLOO PRODUCTS CORP. | |
| **Defendant.** | |
| VY NGUYEN, individually and on behalf of all others similarly situated, | Case No. 2:25-cv-02733-MWF (JCx) |
| **Plaintiff,** | |
| v. | |
| IGLOO PRODUCTS CORP. | |
| **Defendant.** | |

TO THE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF
RECORD:

PLEASE TAKE NOTICE that on July 14, 2025, at 10:00 a.m., or as soon
thereafter as the matter may be heard, in Courtroom 5A of the above-captioned
Court, located at 350 West First Street, Los Angeles, CA 90012, Kelsea Holton,
Luis Miranda, and Kristen Riffle, the named plaintiffs in *In re Igloo Prods. Cooler
Recall Litig.*, Case No. 1:25-cv-298-JLH (D. Del.) will and hereby do move the
Court for an order permitting them to intervene pursuant to Fed. R. Civ. P. 24 for
the limited purpose of asking the Court to vacate without prejudice the Court's
May 22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-
lead counsel pursuant to Fed. R. Civ. P. 23(g), and to transfer these consolidated
proceedings to the District of Delaware, so that they can be joined with the
existing proceedings in that court, and an orderly resolution of interim counsel
leadership can be made.

This motion is based on this notice of motion and motion, the
accompanying brief, the pleadings and documents on file, and such further
evidence or argument as may be presented prior to or at the hearing or
submission of this matter.

This motion is made following the conference of counsel, which took place
on June 3, 2025 with counsel for Defendant, and June 4, 2025 with counsel for
Plaintiffs.

Dated: June 11, 2025               Respectfully submitted,

                                    /s/  Joel D. Smith

                                   **SMITH KRIVOSHEY, PC**
                                   Joel D. Smith (State Bar No. 244902)
                                   867 Boylston Street,
                                   5th Floor, Ste. 1520
                                   Boston, MA 02116
                                   Phone: 617-377-7404
                                   E-Mail: joel@skclassactions.com

# TABLE OF CONTENTS

**Page**

i.   Introduction And Brief Procedural Background ..............................................1

Ii.  The Court Should Permit The Delaware Igloo Plaintiffs To Intervene In
     This Action .........................................................................................3

     A.   Intervention Of Right ..................................................................3

     B.   Permissive Intervention...............................................................5

Iii. The Court Should Vacate Without Prejudice Its May 22, 2025 Order
     Appointing The Plaintiffs' Counsel In This Action As Interim Co-Lead
     Counsel ..............................................................................................6

Iv.  The Court Should Transfer This Matter To The District Of Delaware ........7

V.   Conclusion .........................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amador v. Logistics Express, Inc.*,
  2010 WL 3489038 (C.D. Cal. Aug. 27, 2010) ..................................................2, 7

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
  254 F.3d 882 (9th Cir. 2001) ......................................................................6

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ......................................................................5

282 F.R.D. 486 (C.D. Cal. 2012) ..................................................................6

*Kitzler v. Nelnet Servicing, LLC*,
  2022 WL 18284983 (C.D. Cal. Nov. 1, 2022) ..............................................7, 8

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ......................................................................8

*Marcaurel v. USA Waste-Mgmt. Res., LLC*,
  2021 WL 4940977 (S.D.N.Y. Sept. 3, 2021) ..................................................2

*Northwest Forest Resource Council v. Glickman*,
  82 F.3d 825 (9th Cir. 1996) ......................................................................5

*Orange County v. Air California*,
  799 F.2d 535 (9th Cir. 1986) ......................................................................3

*Smith v. Los Angeles Unified School Dist.*,
  830 F.3d 843 (9th Cir. 2016) ..................................................................3, 4

*Spangler v. Pasadena City Bd. of Education*,
  552 F.2d 1326 (9th Cir. 1977) ......................................................................5

*Subbaiah v. GEICO Ins. Co.*,
  2019 WL 9904278 (C.D. Cal. Dec. 11, 2019) ..............................................4

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ......................................................................................4

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
   971 F.2d 244 (9th Cir. 1992) ............................................................................ 2

*Valenti v. Dfinity USA Rsch. LLC*,
   2023 WL 3331310 (N.D. Cal. May 8, 2023) ..................................................... 6

*Van Hoomissen v. Xerox Corp.*,
   497 F.2d 180 (9th Cir. 1974) ........................................................................... 5

**Statutes**

28 U.S.C. § 1404 ................................................................................................. 7, 8

**Rules**

F.R.E. 201 ............................................................................................................... 2

Fed. R. Civ. P. 23(g) ..................................................................................... passim

Fed. R. Civ. P. 24 ............................................................................................... 1, 3

Fed. R. Civ. P. 24(a) .............................................................................................. 4

Fed. R. Civ. P. 24(a)(2) ......................................................................................... 3

Fed. R. Civ. P. 24(b) .............................................................................................. 5

Fed. R. Civ. P. 24(b)(1)(B) .................................................................................... 3

**Other Authorities**

Manual for Complex Litigation 24 ..................................................................... 2, 7

# I.      Introduction And Brief Procedural Background

Proposed intervenors Kelsea Holton, Luis Miranda, and Kristen Riffle are the named plaintiffs in the related consolidated proceedings in the District of Delaware, *In re Igloo Prods. Cooler Recall Litig.*, Case No. 1:25-cv-298-JLH (D. Del.) (the "Delaware Igloo" Action).  The plaintiffs/intervenors in the Delaware Igloo Action respectfully seek to intervene in the present action for the limited purpose of vacating the Court's May 22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), without prejudice to the ability of the Plaintiffs in this action to subsequently properly move for appointment if they so wish.  The Delaware Igloo Action plaintiffs/intervenors also seek transfer of these actions to Delaware, where a single district court can resolve the leadership issue and the nationwide or multi-state claims against Defendant.

The crux of the problem is as follows.  The plaintiffs/intervenors in the Delaware Igloo Action are from California, Illinois, and Pennsylvania.  They are pursuing similar class action claims against Defendant Igloo Products Corp in the District of Delaware, which unlike here, is a state with general jurisdiction over Defendant.[1]  On May 15, 2025, the plaintiffs/intervenors in the Delaware Igloo Action filed a motion for appointment as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g).[2]  Seven days later, the Plaintiffs in this action filed a stipulation in this Court to appoint their own counsel as interim co-lead counsel.  ECF No. 29.

Critically, the Defendant **did not sign that stipulation** (*see id.*), and the plaintiffs/intervenors in the Delaware Igloo Action **were not told about the proposed stipulation or given an opportunity to object or otherwise respond**.  This Court granted the stipulation the next day.  ECF No. 30.  One week later, the Plaintiffs in this action filed an opposition/objection in Delaware Igloo Action based

---

[1] *See* ECF No. 11, ¶ 18 ("Defendant Igloo Prods. Corp. is a Delaware corporation. Igloo's principal place of business is 777 Igloo Rd, Katy, Texas, 77494.")

[2] Delaware Igloo Action, Case No. 1:25-cv-298-JLH (D. Del.), ECF No. 15.

on this Court's order granting their unilateral stipulation, arguing that appointment of lead counsel in that action would "improperly interfere" with this Court's May 22, 2025 order.  Ex. 1.[3]  The upshot of all of this is that the Plaintiffs here had an opportunity to respond and object to appointment of interim counsel in the Delaware proceedings, but the plaintiffs/intervenors in the Delaware proceedings had no reciprocal opportunity here.

Even when an opposing party agrees to appointment of interim counsel pursuant to Fed. R. Civ. P. 23(g)—which did not happen here—a stipulation is inappropriate where there are competing candidates for leadership.  *See* Manual for Complex Litigation 246 § 21.11(4th ed. 2004) ("[ab]sent stipulation" among competing counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected"); *Amador v. Logistics Express, Inc.*, 2010 WL 3489038 at *3 (C.D. Cal. Aug. 27, 2010) (requiring competing firms to file motions for interim lead counsel if they could not reach agreement amongst themselves); *Marcaurel v. USA Waste-Mgmt. Res., LLC*, 2021 WL 4940977, at *2 (S.D.N.Y. Sept. 3, 2021) (denying stipulation for appointment of class counsel and requiring motion for appointment).  Instead of moving for appointment—which would require time, effort, and an opportunity to respond—the Plaintiffs here took a shortcut by deciding amongst themselves that their counsel was the best choice for interim lead counsel.

Given the procedural irregularities and inefficient use of judicial resources that have arisen from having two, competing actions pending at the same time, the plaintiffs/intervenors in the Delaware Igloo Action (1) seek permission to intervene;

---

[3] The documents attached to this motion are from the court docket in the Delaware Igloo Proceedings and therefore are subject to judicial notice under F.R.E. 201. *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")).

(2) ask the Court to vacate without prejudice its May 22, 2025 Order insofar as it relates to appointment of interim class counsel; and (3) transfer these consolidated proceedings to Delaware, where one district court can resolve the leadership issue and all state claims against the Defendant.

## II. The Court Should Permit The Delaware Igloo Plaintiffs To Intervene In This Action

Rule 24 provides for two kinds of intervention by a non-party to a suit. "On timely motion, the court must permit anyone to intervene who … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). This kind of intervention is called intervention of right. *Id.* Alternatively, the Court "may permit anyone to intervene," termed permissive intervention, when someone "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

### A. Intervention Of Right

There is a four part test to determine whether a motion to intervene of right under Rule 24(a)(2) should be granted: (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Orange County v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

Here, the Delaware Igloo Action plaintiffs/intervenors promptly acted after learning of the stipulation and ensuing May 22, 2025 Order, which was issued less than a month ago and at the very early stage of the proceedings. *See Smith v. Los Angeles Unified School Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) ("Timeliness is

determined by the totality of the circumstances facing would-be intervenors," with a focus on the stage of the proceedings, prejudice to the other parties, and the reason for any delay). The plaintiffs/intervenors in the Delaware Igloo Action promptly met and conferred with counsel for all sides in this action two weeks after the May 22, 2025 Order was issued, and promptly filed this motion after the seven-day period required under Local Rule 7-3 expired. Hearing the motion to intervene will not unduly delay the proceedings or prejudice any party. To the contrary, prompt resolution of leadership and venue disputes at this early stage will benefit all parties in both actions.

The second and third factors are satisfied because the plaintiffs in both actions assert the same type of claims against the same Defendant, concerning the same course of conduct, and involve the same or overlapping classes. *See* Ex. 2 (Delaware Consolidated Complaint); *see also Subbaiah v. GEICO Ins. Co.*, 2019 WL 9904278 at *3 (C.D. Cal. Dec. 11, 2019) (addressing intervention factors in the context of a motion to intervene concerning two related class actions).

Finally, "the fourth element of Rule 24(a) intervention requires only a 'minimal' showing that existing parties' representation 'may be' inadequate." *Smith*, 830 F.3d at 863 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). While counsel in the Delaware Igloo Action know and respect counsel in these proceedings, regrettably, the current parties' interests in this action are "diametrically opposed" to each other given their different views about leadership, litigation strategy, and the venue where the actions should proceed. *Smith*, 830 F.3d at 864. For example, the Plaintiffs in these proceedings seek nationwide claims that ostensibly would encompass the claims of the Illinois and Pennsylvania plaintiffs/intervenors in the Delaware Igloo Action, but respectfully, this is jurisdictionally impossible: a California plaintiff in a California court cannot certify claims against a Delaware and Texas company that covers Illinois and Pennsylvania class members. Similarly, whereas the Plaintiffs

in these proceedings undoubtedly have good-faith reasons for wanting to pursue their claims here, the California plaintiff in the Delaware Igloo Action believes her action should proceed in a state of general jurisdiction where it can be joined with plaintiffs from other states.

## B.    Permissive Intervention

Where a party may not intervene as a matter of right, the Court may consider whether permissive intervention under Rule 24(b) is appropriate. Permissive intervention may be granted where there is "(1) [i]ndependent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). In addition, permissive intervention is permissible if it will not "unduly delay or prejudice adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). The Court may also consider, among other things, "whether the intervenors' interests are adequately represented by other parties ... and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Education*, 552 F.2d 1326, 1329 (9th Cir. 1977).  Permissive intervention is entirely within the discretion of the court and may be limited to particular issues. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *see Van Hoomissen v. Xerox Corp*., 497 F.2d 180, 181 (9th Cir. 1974).

These factors are satisfied for the reasons already addressed above, and there are independent grounds for jurisdiction with respect to the California plaintiff/intervenor in the Delaware Igloo Action, who herself resides in the Central District.  *See* <u>Ex. 2</u>, at ¶ 10.

### III.    The Court Should Vacate Without Prejudice Its May 22, 2025 Order Appointing The Plaintiffs' Counsel In This Action As Interim Co-Lead Counsel

With respect to this Court's May 22, 2025 Order appointing interim lead counsel, the plaintiffs/intervenors in the Delaware Igloo Action are seeking very modest relief:  all they ask is for the Court to vacate the lead counsel order **without prejudice**, allowing the Plaintiffs in this Court to properly move for appointment, and giving the plaintiffs/intervenors in the Delaware Igloo Action an opportunity to respond.[4]  The plaintiffs/intervenors in the Delaware Igloo Action respectfully believe that, ultimately, the Delaware court should make that determination because that will better facilitate the orderly resolution of the issue and avoid inter-district conflicts.  However, even if the Court denies transfer, there is no prejudice to at least giving the plaintiffs/intervenors in the Delaware Igloo Action an opportunity to be heard on the issue here.

"The Court has the inherent authority to reconsider any of its interlocutory orders, *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001), and Rule 23(g)(1)(E) also provides that the Court may 'make further orders in connection with [any class counsel] appointment.'" *Valenti v. Dfinity USA Rsch. LLC*, 2023 WL 3331310, at *4 (N.D. Cal. May 8, 2023) (quoting Fed. R. Civ. P. 23(g)(1)(E) and vacating prior appointment of lead counsel); *see also In re Oreck Corp. Halo Vacuum & Air Purifiers Marketing & Sales Pracs. Litig.*, 282 F.R.D. 486, 492 (C.D. Cal. 2012) (exercising authority under Rule 23(g) to vacate prior interim counsel appointment).

Serving as interim lead counsel is an important job.  As argued in Section I above, the unilateral stipulation among plaintiffs' counsel here is not the proper procedure for determining lead counsel when there are competing candidates.  *See*,

---

[4] The Delaware Igloo Action plaintiffs do not ask the Court to vacate the May 22, 2025 Order consolidating the three actions in this District.

*e.g.*, Manual for Complex Litigation 246 § 21.11(4th ed.2004) ("[ab]sent stipulation" among competing counsel, "the court may need to select interim class counsel from lawyers competing for the role and formally designate the lawyer selected"); *Amador*, 2010 WL 3489038 at *3 (requiring competing firms to file motions for interim lead counsel if they could not reach agreement amongst themselves). If a court of competent jurisdiction ultimately determines that the Plaintiffs' counsel in this matter is best suited to lead, then the plaintiffs/-intervenors and their counsel in the Delaware Igloo Action are prepared to support them. However, that is a decision that should be based on a review of the competing candidates' respective qualifications, experience, and work product.

## IV.    The Court Should Transfer This Matter To The District Of Delaware

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404. "The analysis under § 1404 is twofold. First, the defendant must establish that the matter 'might have been brought' in the district to which transfer is sought." *Kitzler v. Nelnet Servicing, LLC*, 2022 WL 18284983 at *2 (C.D. Cal. Nov. 1, 2022) (Fitzgerald, J.) (quoting 28 U.S.C. § 1404(a)). "Second, the Court must balance three factors: (1) convenience of the parties; (2) convenience of the witnesses; and (3) interests of justice." *Id.*

"In determining the propriety of transfer under 28 U.S.C. § 1404(a) the Court must first look to whether the proposed transferee district, here the District of [Delaware], is one in which Plaintiff's action could originally have been brought." *Id.* This preliminary question is easily answered here because Delaware is where Defendant is incorporated, and hence, is a venue of general jurisdiction.

Transfer would be convenient for the Defendant, which has already advised the plaintiffs in these proceedings that it intends to seek transfer to that venue. *See* ECF No. 29, at 3:14. Presumably, transfer also would be more convenient for the

Massachusetts Plaintiff in *Zannettino*, because she is on the East Coast.  Granted, transfer may be less convenient for the other California-based plaintiffs in these proceedings, but not any less so than for the California plaintiff who is already litigating her claims in the Delaware Igloo Action.

As for the interest of justice factor, as this Court has explained, a "potentially dispositive factor" is "the significant burden on limited judicial resources if transfer is denied."  *Kitzler*, 2022 WL 18284983 at *3.  "Importantly, in putative class actions ... even where the causes of action are not similar but are based on similar allegations pled in a later-filed action, concerns over judicial efficiency are paramount."  *Id.*  Hence, the interest in having related class actions proceed in one district supports transfer under § 1404(a).  With respect to the interest of justice, courts also look at where the location of contracts are and the state most familiar with governing law, but these are neutral here given that the plaintiffs seek to represent a nationwide class, and as a result, no single court will be most familiar with all relevant laws.  *See id.* ("courts have repeatedly explained that the forum state's familiarity with California law is a neutral factor in a § 1404(a) transfer analysis, because "it is routine for federal courts to analyze and apply the laws of diverse states.").

Finally, while it is generally true that a plaintiff's choice of forum is afforded some weight, the plaintiffs' decision to file in California is entitled to less deference where, as here, the plaintiffs are seeking to represent a nationwide class. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum, when an individual ... represents a class, the named plaintiff's choice of forum is given less weight.")).

In short, the factors under § 1404(a) support transfer here.

## V.   CONCLUSION

The Court should (1) permit the plaintiffs in the Delaware Igloo Action to intervene for the limited purposes requested here, (2) vacate without prejudice its May

22, 2025 Order appointing the plaintiffs' counsel in this action as interim co-lead counsel pursuant to Fed. R. Civ. P. 23(g), and (3) transfer this matter to the District of Delaware.

Dated:  June 11, 2025                                    Respectfully submitted,

                                                         /s/   Joel D. Smith

                                                  **SMITH KRIVOSHEY, PC**
                                                  Joel D. Smith (State Bar No. 244902)
                                                  867 Boylston Street,
                                                  5th Floor, Ste. 1520
                                                  Boston, MA 02116
                                                  Phone: 617-377-7404
                                                  E-Mail:  joel@skclassactions.com

                                                  **SMITH KRIVOSHEY, PC**
                                                  Yeremey O. Krivoshey
                                                  (State Bar No. 295032)
                                                  166 Geary Street, Ste. 1500-1507
                                                  San Francisco, CA 94108
                                                  Phone: 415-839-7000
                                                  E-Mail:
                                                  yeremey@skclassactions.com

                                                  *Attorneys for Plaintiff*

### Local Rule 11-6.2 Certificate Of Compliance

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 2,700 words, which complies with the word limit of L.R. 11-6.1.  ECF No. 39.

Dated: June 11, 2025                              /s/ Joel D. Smith
                                                  Joel D. Smith