UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | Civil Action No.: 1:25-cv-00298-JLH<br><br>CONSOLIDATED |

**JOINT DECLARATION IN SUPPORT OF *HOLTON* PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE IN SUPPORT OF *ZANNETTINO* PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL**

1. Kevin Laukaitis is an attorney admitted to practice law in the Commonwealth of Pennsylvania and the State of New Jersey. He is the Owner and Founding Member of Laukaitis Law LLC and counsel for Plaintiff Kelsea Holton, Luis Miranda, and Kristen Riffle (the "Holton" plaintiffs) in this litigation.

2. R. Grant Dick IV is an attorney admitted to practice law in Delaware and New Jersey, including in this District. He is counsel for Plaintiff Kelsea Holton, Luis Miranda, and Kristen Riffle in this litigation.

3. A call was scheduled for May 29, 2025 at 4:00 EST between *Holton* counsel and counsel for Defendant. During that call, *Holton* counsel asked about the stipulation for consolidation and appointment of interim counsel filed in the California proceedings: *Zannettino v. Igloo Products Corp.*, C.A. No. 2:25-cv-01917 (the "California Action").

4. During this same call, *Holton* counsel sought clarification of Defendant's position with respect to the stipulation filed in the California Action and whether Defendant stipulated to interim

00679415

counsel as the stipulation did not contain Igloo counsel's signature block.  Counsel sought this clarification because Igloo had not signed the stipulation, and the stipulation was styled as "Plaintiffs' Stipulation."  See D.I. 29 (attaching stipulation as an exhibit in an earlier filing in these proceedings).  That struck us as odd because even where a stipulation for interim lead counsel is appropriate (which was not the case in this instance), the defendant usually signs the stipulation.

5. *Holton* counsel also inquired as to why Igloo opposed Holton counsel's request for consolidation and appointment of interim lead counsel yet did not oppose that of *Zannettino* counsel in the California Action. Igloo counsel, for the first time, stated that the issue was *Holton* counsel's seeking appointment as lead counsel on a nationwide basis.

6. *Holton* counsel inquired as to whether Igloo would move to transfer the California Action to Delaware, and suggested they do so.

7. During this same call, *Holton* counsel raised the possibility of the *Holton* Plaintiffs intervening in the California proceedings, and later confirmed that they would in a June 3, 2025 email.

8. It is our impression that everyone on the May 29, 2025 call—including Igloo's counsel—behaved in a cordial and professional manner.  At no time during the call, did Igloo's counsel express any concern that our questions or suggestions about transferring were presented in a confrontational or inappropriate manner.

9. Each of us has personal knowledge of the matters stated in this declaration.

10. I declare under penalty of perjury that the foregoing is true and correct.

                                          Executed on July 28, 2025.

                                          /s/      Kevin Laukaitis

                                          /s/      R. Grant Dick IV