IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | ) ) ) ) | C.A. No. 25-298-JLH-EGT CONSOLIDATED |

## MEMORANDUM ORDER

At Wilmington, this 7th day of October 2025:

Presently before the Court are the competing motions to appoint interim lead counsel filed by (1) Kelsea Holton, Luis Miranda and Kristen Riffle (collectively, "the Holton Plaintiffs") (D.I. 35) and (2) Anthony Zannettino, Kathryn Trainor, Robert Castellano and Vy Nguyen (collectively, "the Zannettino Plaintiffs") (D.I. 38). For the reasons set forth below, the Zannettino Plaintiffs' motion is GRANTED and the Holton Plaintiffs' motion is DENIED.

## I.    BACKGROUND

This case arises out of an alleged safety defect in a cooler produced by Defendant Igloo Products Corporation ("Defendant" or "Igloo"). That defect has apparently resulted in crush- and amputation-type finger injuries. (D.I. 1 ¶ 2). On February 13, 2025, Defendant issued a recall of approximately 1,060,000 Igloo-branded "Flip & Tow Coolers" through the U.S. Consumer Product Safety Commission ("CPSC"). (*Id.*). Defendant has not offered to refund customers who purchased these coolers, which has resulted in numerous lawsuits nationwide. Plaintiff Kathryn Trainor filed the first lawsuit on February 24, 2025 in the Eastern District of Pennsylvania. *See Trainor v. Igloo Prods. Corp.*, No. 2:25-cv-941 (E.D. Pa. filed Feb. 24, 2025). Shortly thereafter, on March 5, 2025, Plaintiff Zannettino filed the second lawsuit in the Central District of California. *See Zannettino v. Igloo Prods. Corp.*, No. 2:25-cv-1917 (C.D. Cal. filed Mar. 5, 2025).

More lawsuits followed. In the Central District of California, Plaintiff Castellano and Plaintiff Nguyen each filed their own respective lawsuits. *See Castellano v. Igloo Prods. Corp.*,

No. 2:25-cv-2733 (C.D. Cal. filed Mar. 28, 2025); *Nguyen v. Igloo Prods. Corp.*, No. 8:25-cv-716 (C.D. Cal. filed Apr. 8, 2025).  Meanwhile, Plaintiffs Holton and Miranda filed a lawsuit together in this Court on March 11, 2025.  (*See* D.I. 1).  Plaintiff Riffle initially filed a lawsuit in the Northern District of Illinois, but she ultimately agreed to consolidate her case with Plaintiffs Holton and Miranda's case pending here.  (*See* D.I. 18).

Around the same time, Plaintiff Trainor dismissed her case to join Plaintiff Zannettino's action then pending in California.  *See Trainor*, No. 2:25-cv-00941 (E.D. Pa. filed Mar. 25, 2025), Dkt. No. 8.  Plaintiff Zannettino consolidated his case with the other California Plaintiffs Castellano, Nguyen and Trainor, and the court ultimately appointed Zannettino's proposed counsel as interim lead counsel for the Central District of California case ("the California Case").  *See* Order Granting Plaintiffs' Stipulation to Consolidate Cases and Appoint Interim Co-Lead Counsel, *Zannettino*, No. 2:25-cv-1917 (C.D. Cal. May 22, 2025), Dkt. No. 30.

Following discussions between counsel for the Zannettino Plaintiffs, the Holton Plaintiffs and Defendant (*see* D.I. 47, Exs. 1 to 11), the various parties stipulated to transfer the Zannettino action from California and to consolidate it with the Holton Plaintiffs' action pending here. (D.I. 27, 29 & 30).  The present consolidated action is now the only remaining action.  The Zannettino Plaintiffs and the Holton Plaintiffs have each filed a motion to appoint their current counsel to act as interim lead counsel for the putative class in this case.  (*See* D.I. 34 & 35 (Zannettino Plaintiffs); D.I. 37 & 38 (Holton Plaintiffs)).  Defendant supports the appointment of the Zannettino Plaintiffs' proposed interim lead counsel.  (D.I. 43).

## II.    **LEGAL STANDARD**

A court may designate interim lead counsel to act on behalf of a putative class.  FED. R. CIV. P. 23(g)(3).  Selecting interim lead counsel is committed to the court's discretion. *Outten v.*

*Wilmington Tr. Corp.*, 281 F.R.D. 193, 197 (D. Del. 2012). In evaluating potential interim lead counsel, courts evaluate the same factors as when appointing permanent lead counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A); *see also Outten*, 281 F.R.D. at 198. Proposed counsel must also be able to "fairly and adequately" represent the class's interests. FED. R. CIV. P. 23(g)(4). Outside of these mandatory factors, courts may consider "any other matter" relevant to counsel's ability to represent the putative class's interests. FED. R. CIV. P. 23(g)(1)(B).

When there is "rivalry" among those seeking to represent the class, designating an interim lead counsel is typically appropriate. *See* FED. R. CIV. P. 23(g) advisory committee's note to 2003 amendment. If there are multiple applicants that a court finds adequate under Rules 23(g)(1) and (g)(4), the court should compare each applicant's strengths and select the applicant that can best represent the class. FED. R. CIV. P. 23(g)(2); *see also* FED. R. CIV. P. 23(g) advisory committee's note to 2003 amendment. Additionally, a court may – but is not required to – consider additional factors, such as which plaintiff filed first and the preferences of the existing plaintiffs. *In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d 362, 366 (E.D. Penn. 2022).

## III.  DISCUSSION

The Holton Plaintiffs seek appointment of Smith Krivoshey, PC ("Smith Krivoshey") and Laukaitis Law LLC ("Laukaitis") as interim co-lead counsel. (D.I. 35 at 1).[1] The Zannettino

---

[1]    The Holton Plaintiffs also seek appointment of Cooch and Taylor, P.A. as interim liaison counsel. (D.I. 35 at 12).

Plaintiffs seek appointment of Christina Tusan of Tusan Law, PC ("Tusan Law") and Matthew George of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as interim lead counsel.  (D.I. 38 at 1). Before turning to the question of which proposed counsel to appoint as interim lead counsel in this case, the Court first addresses whether the proposed counsel are all adequate under Rule 23.

### A.    Adequacy of Proposed Interim Lead Counsel Under Rule 23(g)(1) and (4)

#### 1.    The Work Done So Far

As claims arose across the country, both pairs of firms sought to consolidate proceedings. The Holton Plaintiffs' proposed counsel – Smith Krivoshey and Laukaitis – worked to consolidate their cases across districts once the firms discovered each other's existing claims.  (D.I. 36 ¶ 16). And the Zannettino Plaintiffs' proposed counsel – Tusan Law and Kaplan Fox – did the same by consolidating their cases into the California Case, along with Plaintiff Trainor's case from the Eastern District of Pennsylvania. (D.I. 38 at 14).  Both pairs of firms filed complaints (D.I. 36 ¶ 24; D.I. 38 at 4), suggesting that both pairs of firms have investigated the allegations.  *See* 5 *Moore's Federal Practice* § 23.120(3)(a) (3d ed. 2025).  All counsel communicated with each other and eventually consolidated the claims into the present singular action.  (D.I. 36-1, Ex. D).

Both pairs of firms have interviewed putative class members, conducted research on the allegedly defective products and retained local counsel.  (D.I. 36 ¶ 24; D.I. 38 at 4).  Both pairs have also filed a FOIA request with the CPSC regarding the alleged defect in this case.  (D.I. 36 ¶ 24; D.I. 38 at 8, 15).  Tusan Law and Kaplan Fox have submitted the notice required under the California and Massachusetts consumer safety statutes.  (D.I. 38 at 8).  Smith Krivoshey and Laukaitis have prepared initial discovery requests based on their experience in past CPSC cases. (D.I. 36 ¶ 24).  Based on the extensive work both sets of counsel have done in investigating potential claims, both sets of firms appear adequate under this factor.

### 2.    Counsel's Experience in Handling Class Actions

The Holton Plaintiffs' proposed counsel and the Zannettino Plaintiffs' proposed counsel each have extensive experience litigating class actions as lead or co-lead counsel.  (*See* D.I. 36-1 Exs. A & B (counsel for Smith Krivoshey's and Laukaitis's resumes); D.I. 39 ¶¶ 9-22 (discussing Tusan Law's and Kaplan Fox's experience litigating class actions)).  Accordingly, this factor weighs in favor of both pairs of proposed interim lead counsel being adequate.

### 3.    Counsel's Knowledge of the Applicable Law

Mr. George of Kaplan Fox has litigated numerous defective products cases.  (D.I. 39 ¶ 19). As has Mr. Krivoshey of Smith Krivoshey.  (D.I. 36-1 Ex. A, at 4-9).  Because this case involves defective product claims, this factor supports both pairs of counsel being adequate.

### 4.    The Resources that Counsel Will Commit

Tusan Law and Kaplan Fox indicate they will "dedicate their attention and resources to achieve the best possible result" by utilizing a network of firms that specialize in consumer protection litigation.  (D.I. 38 at 15-16).  With over fifty attorneys at locations across the country available to aid the Zannettino Plaintiffs' proposed counsel (D.I. 38 at 16), proposed counsel provide concrete evidence of the resources at their disposal.  *See, e.g.*, UAW v. GMC, 497 F.3d 615, 626 (6th Cir. 2007).  Smith Krivoshey and Laukaitis state that they "have committed the resources required to ensure the effective and efficient representation of the proposed class members."  (D.I. 35 at 11).  Although the Holton Plaintiffs' proposed counsel fail to explain the specific resources they will dedicate to the case (*see* D.I. 35 at 11), they nevertheless appear able to commit the resources necessary to this action.  Both pairs of firms assert that they have spent significant resources in investigating the underlying claims, and the Court has no reason to doubt these assertions.  (*See* D.I. 35 at 11; D.I. 39 ¶ 9).  The Court thus finds that both pairs of firms have

demonstrated a willingness and ability to provide the resources necessary to prosecute this action. This factor therefore again supports both pairs of counsel being adequate to represent the class.

### 5.    Ability to Represent the Class's Interests

The Court may also consider "any other matter pertinent" to proposed counsel's ability to represent the interests of the class. FED. R. CIV. P. 23(g)(1)(B). Compromises conserve party and court resources, and conserving party resources may maximize recovery by the putative class. The Court thus finds counsel's ability to compromise relevant to its ability to adequately represent the class. Here, Tusan Law and Kaplan Fox have demonstrated a continued desire to avoid unnecessary motion practice by stipulating with Igloo's counsel to a briefing schedule in the California Case and by stipulating to transfer the California Case once the Holton Plaintiffs' counsel sought to transfer and consolidate all claims into the present action. (D.I. 38 at 5-6). Accordingly, this factor weighs in favor of Tusan Law and Kaplan Fox being adequate counsel to represent the putative class.

*    *    *

Guided by the Rule 23(g) factors, the Court ultimately concludes that both sets of proposed counsel are able to fairly and adequately represent the interests of the putative class.

### B.    Selecting an Interim Proposed Counsels under Rule 23(g)(2)

Having found that both the Zannettino Plaintiffs' proposed counsel and the Holton Plaintiffs' proposed counsel are adequate, the Court will resolve the "rivalry" and select the interim lead counsel that can best represent the putative class's interests from among the proposed counsel. FED R. CIV. P. 23(g)(2); *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012); *see also* FED. R. CIV. P. 23(g) advisory committee's note

6

to 2003 amendment.  The Court ultimately finds that the Zannettino Plaintiffs' proposed counsel – Tusan Law and Kaplan Fox – are best suited to represent the interests of the putative class.

The parties vigorously dispute which plaintiff should be considered the "first filer." (D.I. 35 at 11-12; D.I. 38 at 17-18; D.I. 43 at 2-3; D.I. 46 at 8).  But the Court finds this factor largely irrelevant.  Both sets of plaintiffs filed their complaints within three weeks of each other, making any investigatory lead – if one exists – so minimal as to likely not matter.  (D.I. 38 at 4).

One factor that the Court does place weight on is limiting motion practice where possible. When compromises and stipulations can prevent unnecessary briefing and instead permit parties to prosecute their case more expeditiously and without the Court's intervention, the parties should do so.  Tusan Law and Kaplan Fox have demonstrated a significant willingness to compromise in the interest of conserving party and court resources.  (D.I. 38 at 5).  This factor supports these firms being best able to represent the putative class's interests.[2]

Additionally, of the seven existing plaintiffs, four support appointing Tusan Law and Kaplan Fox as interim lead counsel.  (*Compare* D.I. 38 at 1 (Zannettino motion on behalf of Zannettino, Trainor, Castellano and Nguyen), *with* D.I. 34 at 1 (Holton motion on behalf of Holton, Miranda and Riffle)).  A slim majority thus favors Tusan Law and Kaplan Fox to serve as interim lead counsel.  This also weighs slightly in favor of appointing the Zannettino Plaintiffs' proposed interim lead counsel.  *See In re Vanguard Chester Funds Litig.*, 625 F. Supp. 3d at 366.

---

[2]    Igloo and the Holton Plaintiffs trade barbs over who has been more difficult (or unpleasant) in the parties' interactions to date.  (*See* D.I. 43 & 46).  The Court is largely unmoved by these arguments – except for the claim that the Holton Plaintiffs' preferred counsel has been less likely to compromise and more likely to file motions than the Zannettino Plaintiffs' counsel.  But that fact may be – and in fact is – borne out by the record without resorting to competing accounts of "acrimony."  (D.I. 46 at 1).

Lastly, the Court finds that the Zannettino Plaintiffs' complaint from the California case contains more factual detail than the Amended Complaint filed in this action by the Holton Plaintiffs' counsel. (*Compare* Complaint, *Zannettino*, No. 2:25-cv-01917 (C.D. Cal. Mar. 13, 2025), Dkt. No. 11, *with* D.I. 26). In the Court's view, this suggests that the Zannettino Plaintiffs' counsel conducted a more thorough pre-suit investigation – another factor in favor of appointing Tusan Law and Kaplan Fox. *See* 5 *Moore's Federal Practice* § 23.120(3)(a) (3d ed. 2025).

For these reasons, the Court will appoint Tusan Law and Kaplan Fox to serve as interim lead counsel in this case, and counsel shall have the case management responsibilities requested by the Zannettino Plaintiffs. (*See* D.I. 38 at 18-19 (listing the requested responsibilities)).

### C.    Appointment of Interim Liaison Counsel

Finally, the Court notes that there is no formal request by the Zannettino Plaintiffs for the appointment of interim liaison counsel. (D.I. 38 at 1 & 17 (suggesting that The Rosner Law Group may be appointed as interim liaison counsel)). Because appointing liaison counsel is discretionary, and because the Zannettino Plaintiffs have not articulated why interim liaison counsel would be necessary or beneficial here, the Court declines to appoint interim liaison counsel.

### IV.    CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that the Zannettino Plaintiffs' motion (D.I. 37) for the appointment of interim lead counsel is GRANTED and the Holton Plaintiffs' motion (D.I. 34) for the appointment of interim lead counsel is DENIED.

UNITED STATES MAGISTRATE JUDGE