## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION** | Civil Action No.: 1:25-cv-00298-JLH-EGT<br><br>CONSOLIDATED |

### STIPULATED PROTECTIVE ORDER

Discovery in this Action (defined below) is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and ask the Court to enter the following Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the categories of information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.    PROCEEDINGS AND INFORMATION COVERED

It is the intention of the Parties that this Order be binding upon the Parties, and the Parties agree to conform with its terms pending entry by the Court. All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things, and information derived therefrom produced, provided, or disclosed (hereinafter referred to as "produced") in the course of the above-captioned action that contain Protected Material (as defined below) shall be subject to this Order as set forth below. All Protected Material produced, disclosed, or otherwise made available by any Party or Non-Party in the course of this Action shall be used solely for the purpose of preparation, trial, and appeal of this Action and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.

1

2.     **DEFINITIONS**

2.1     Acknowledgment: the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

2.2     Action:  the above-captioned action styled as *In RE Igloo Products Cooler Recall Litigation*, C.A. 1:25-cv-00298-JLH-EGT.

2.3     Challenge: a challenge to the propriety of a designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" under this Order.

2.4     Challenging Party:  a Party that makes a Challenge under this Order.

2.5     "CONFIDENTIAL" Disclosure or Discovery Material:  Disclosure or Discovery Material (regardless of how it is generated, stored or maintained) that contains or would disclose (i)  non-public, sensitive, proprietary and/or financial information; (ii) trade secrets or other confidential research, development, or commercial information;  (iii) non-public personally identifiable information; (iv) other sensitive information that is not publicly known, including but not limited to insurance coverage information, data security information, or network security details and diagrams; or (v) other information required by law or agreement to be kept confidential.

2.6     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.7     Covered Employees: employees of a Party or a Non-Party to whom disclosure of Protected Material is reasonably necessary for purposes of this Action.

2.8     Designating Party:  a Party or Non-Party that designates Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

2.9     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are sought by means of discovery requests, or are produced or generated in disclosures or responses to discovery requests, in this Action.

2.10    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party

2.11    <u>"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Disclosure or Discovery Material</u>: a subset of extremely sensitive "CONFIDENTIAL Disclosure or Discovery Material," such as personally identifiable information, corporate network security details and other security information, competitively sensitive financial information, or any other information the disclosure of which to another Party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.12    <u>House Counsel</u>:  attorneys who are employees of a Party or a Non-Party and are advising such Party or Non-Party in regard to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.13    <u>Non-Designating Party</u>: as to any Protected Material, any Party or Non-Party other than the Designating Party with respect to such Protected Material.

2.14    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action, but that produces or receives Disclosure or Discovery Material (including in the case of Non-Parties that are not natural persons, all their officers, directors, House Counsel, and Covered Employees).

2.15    <u>Order</u>:  this Stipulated Protective Order.

2.16    Non-Party regarding this Action and have appeared in this Action on behalf of that

Party or Non-Party or are affiliated with a law firm which has appeared in this Action on behalf of that Party or Non-Party (and their support staffs).

2.17    <u>Party</u>: any party to this Action, including all of its officers, directors, House Counsel, and Covered Employees.

2.18    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.19    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.20    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

2.21    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party

2.22    <u>Requested Material</u>: has the meaning set forth in Section 9(b).

2.23    <u>Requested Party</u>:  has the meaning set forth in Section 9(b).

2.24    <u>Requesting Party</u>:  has the meaning set forth in Section 9(b).

2.25    <u>Third Party</u>:  has the meaning set forth in Section 9(b).

## 3.    **SCOPE.**

For purposes of this Order, the term "Protected Material" (as defined above) shall include not just the Protected Material in question, but also any derivations, abstracts, excerpts, summaries, compilations or analyses of Protected Material. However, the protections conferred by this Order do not apply to: (a) any Protected Material that is in the public domain prior to the time of its being

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" or becomes part of the public domain after such designation as a result of publication not involving a violation of this Order or some other unlawful action; and (b) any Non-Designating Party with respect to any Protected Material known to or that comes into possession of such Non-Designating Party independent of its becoming Disclosure or Discovery Material, provided that such Non-Designating Party (i) did not obtain such knowledge or possession by means of a violation of this Order or some other unlawful action and (ii) is under no independent obligation of confidentiality to the Designating Party with respect to such Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect as to any Protected Material until the Designating Party as to such Protected Material agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING     DISCLOSURE     OR     DISCOVERY     MATERIAL     AS "CONFIDENTIAL"**

5.1     <u>Generally</u>. No Disclosure or Discovery Material shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" unless the Designating Party in good faith reasonably believes that, as to the Designating Party, the Disclosure or Discovery Material in question meets the definition of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," as appropriate, under this Order. If it comes

to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order must be clearly so designated in conformity with this Order in order to become Protected Material.

Designation in conformity with this Order requires:

(a)     for Disclosure or Discovery Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of and exhibits to depositions or other pretrial or trial proceedings) to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY":

(i)     If the Designating Party is the Producing Party, before producing the document in question the Producing Party must affix the legend "CONFIDENTIAL" to each page that qualifies as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" to each page that qualifies as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."  If only a portion or portions of the material on a page of the document in question qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" the Producing Party also must clearly identify the portion(s) that so qualify (e.g., by making appropriate markings in the

margins).

(ii)   if the Designating Party is a Receiving Party, the Designating Party shall, within fourteen (14) days of its receipt of the Disclosure or Discovery Material in question, request in writing that the Producing Party legend such Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" in the manner provided in clause (i) of this Section 5.2(a) and thereafter the Producing Party shall so legend such material and re-produce such material as so legended.

(b)   for Disclosure or Discovery material in the form of transcripts of and exhibits to depositions to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY" the Designating Party shall, either (A) on the record at the time of the proceeding or (B) within fourteen (14) days after its receipt from the court reporter of the final transcript of the proceeding, request in writing to all Non-Designating Parties and to the court reporter that the Disclosure or Discovery Material in question be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." In making any such request, the Designating Party shall state what portions of the transcript and which exhibits the Designating Party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." During the transcription of, and the thirty (30) day period following the delivery of, the final transcript by the court reporter, the transcript and exhibits must be treated as Protected

Material.  Each Non-Designating Party and the court reporter must attach a copy of any timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated as Protected Material in accordance with this Order.

(c)    for any other Disclosure or Discovery Material to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," (i) if the Designating Party is the Producing Party, the Designating Party shall, before producing the Disclosure or Discovery Material in question, affix in a prominent place on the Disclosure or Discovery Material in question or on the exterior of the container or containers in which the Disclosure or Discovery Material in question is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY." If only a portion or portions of Disclosure or Discovery Material in question warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s); and (ii) if the Designating Party is a Receiving Party, the Designating Party shall, with fourteen (14) days of its receipt of the Disclosure or Discovery Material in question, request in writing that the Producing Party legend the Disclosure or Discovery Material in question as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" in the manner provided in clause (i) of this Section 5.2(c) and thereafter the Producing Party shall so legend such material and re-produce such material as so legended.

4911-5378-1374, v. 1

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" Disclosure or Discovery Material that qualifies as such under Sections 2.5 and/or Section 2.11 above does not, standing alone, waive the Designating Party's right to so designate such material. Upon written notice and correction of any such failure, each Non-Designating Party in possession of the Disclosure or Discovery Material in question must make reasonable efforts to assure that such material is treated as Protected Material in accordance with the provisions of this Order.

## 6.     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Challenges</u>.  Any Party may challenge a Designating Party's designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" at any time.  A Challenging Party does not waive its right to make a Challenge by electing not to mount the Challenge promptly after the designation in question was made.

6.2     <u>Disputes and Judicial Intervention</u>.  The parties must make good faith efforts to resolve any dispute regarding confidentiality designations without Court involvement. If the parties cannot resolve a Challenge without Court intervention, the parties shall follow the procedures set forth in paragraph 7(h) of the Scheduling Order and the burden of persuasion shall be on the Designating Party to establish that the Protected Material that is the subject of the Challenge qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under Section 2.5 or 2.11 above. The Protected Material that is the subject of the Challenge shall continue to be afforded the protections to which Protected Material is entitled under this Order until the Court rules on the Challenge.

## 7.     **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>. A Non-Designating Party may use Protected Material only for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed by a Non-Designating Party only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, as defined in Section 4, any Non-Designating Party must comply with the provisions of Section 13 below (FINAL DISPOSITION) as to any Protected Material in its possession. Any Non-Designating Party in possession of Protected Material must store and maintain such Protected Material at a location and in a secure manner in order to ensure that access to such Protected Material is limited to the persons authorized and under the conditions described in this Order. To the extent Outside Counsel of Record for a Non-Designating Party receives Protected Material from or on behalf of such Non-Designating Party, such Outside Counsel of Record shall have the same obligations under this Order as such Non-Designating Party has with respect to such Protected Material. To the extent a person who has signed the Acknowledgment receives Protected Material, such person shall have the same obligations under this Order as a Non-Designating Party would have with respect to such Protected Material, unless otherwise ordered by the Court or permitted in writing by the Designating Party.

7.2     <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Non-Designating Party may disclose CONFIDENTIAL Disclosure or Discovery Material only to:

(a)     the officers, directors, and employees of the Non-Designating Party who fall within the definition of such Non-Designating Party and who are actively involved in the prosecution or defense of this Action;

(b)     the Non-Designating Party's Outside Counsel of Record in this Action;

(c)     Experts (as defined in this Order) of the Non-Designating Party to whom

disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this who have signed the Acknowledgment;

(f)     during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who either fall within the definition of a Party or a Non-Party or have signed the Acknowledgment, unless otherwise agreed in writing by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material designated in accordance with Section 5.2(b) above must be so marked by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(g)     the author or recipient or custodian of a document containing the Protected Material in question or other person who independently possessed or knew such material;

(h)     Third-party contractors retained for the purpose of organizing, filing, coding, converting, storing, or retrieving data or designing database programs for handling Disclosure or Discovery Material who have previously executed the Acknowledgment;

(i)     The Parties' insurers and insurers' counsel participating in matters related to this litigation and their supporting personnel, such as paralegals, legal

secretaries, data entry clerks, legal clerks, and private photocopying services who have previously executed the Acknowledgment; and

(j)    Any mediator or arbitrator engaged by the Parties to this litigation who has previously executed the Acknowledgment.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Non-Designating Party may disclose HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY Disclosure or Discovery Material only to persons designated in Section 7.2(b) through 7.2(j) above. For the sake of clarity, no Protected Material may be disclosed, other than by the Designating Party, to putative class members other than the named Plaintiff's

## 8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If, at any time, a Non-Designating Party receives a subpoena, court order, or other request from any person, court, tribunal, jurisdiction, administrative or legislative body, or by any other person or entity purporting to have authority to require production, that seeks disclosure of any Protected Material in its possession, that Non-Designating Party must, to the extent permitted by applicable law: promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request and shall be made in no event more than five (5) business days after receipt of the request;

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena, court order, or request and shall be made in no event more than five (5) business days after receipt of the request;

(b)    promptly notify in writing the party who caused the subpoena, court order, or request to issue that some or all of the material covered by the subpoena, court order, or request is subject to this Order. Such notification shall include a copy

12

of this Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party an opportunity to protect its confidentiality interest in the Protected Material.  If the Designating Party timely seeks protection of the Protected Material, the Non-Designating Party in receipt of the subpoena, court order, or request shall not produce any of the Protected Material in question prior to a determination from the Court or other authority from whom protection is sought, absent the Designating Party's written permission.  In no event shall any Protected Material be disclosed in response to such subpoena, court order, or request without providing the Designating Party at least ten (10) business days after receipt of the notice in order to provide an opportunity to quash, limit, or object, absent a court order to do so or as otherwise required by law. The Designating Party shall bear the burden and expense of seeking protection of the Protected Material in question – and nothing in this Order should be construed as authorizing or encouraging a Non-Designating Party to disobey a lawful directive from another court.

9.   **NON-PARTIES AND NON-PARTY PROTECTED MATERIAL: THIRD-PARTY MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to any Non-Party and to any Protected Material produced or received by a Non-Party. Protected Material produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in this Order should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party (the "Requested Party") receives a valid discovery request

13

served in this action by another Party (the "Requesting Party") that requires the Requested Party to produce information or other material in its possession ("Requested Material") as to which the Requested Party is subject to a non-disclosure agreement with some other person or entity (a "Third Party") then the Requested Party shall:

    (1)   Promptly notify in writing the Requesting Party and the Third Party that some or all of the Requested Material in question is subject to a non-disclosure agreement with the Third Party;

    (2)   promptly provide the Third Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the Requested Material that is subject to the non-disclosure agreement in question; and

    (3)   make such Requested Material available for inspection by the Third Party.

(c)   If the Third Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the non-disclosure agreement with such Third Party shall not be a basis to object to the production of the Requested Material in question. If the Third party timely seeks a protective order, the Requested Party shall not produce any of the Requested Material in question before a determination by the Court. Absent a court order to the contrary, the Third Party shall bear the burden and expense of seeking protection in this court of the Requested Material in question.

## 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

4911-5378-1374, v. 1

If a Non-Designating Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Non-Designating Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment and to destroy or return, at the Designating Party's election, any Protected Material in their possession, custody, or control.

## 11.    **INADVERTENT PRODUCTION OF IRRELEVANT, PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

11.1    This Order is without prejudice to any person's right to assert that any Disclosure or Discovery Material such person is requested to produce in the Action is irrelevant or subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work product protection, or is subject to any federal or state regulations prohibiting the disclosure of such material, and is without prejudice to any party's right to contest such a claim of privilege or protection.

11.2    The production by any person in the course of the Action of any Disclosure or Discovery Material constituting or including privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the work product protection, or the subject matter thereof, or the confidential nature of any such information, as to the produced Disclosure or Discovery Material or any other Disclosure or Discovery Material in any federal or state proceeding. This clause of this Order is intended to and shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4911-5378-1374, v. 1

11.3    The Producing Party must notify any Receiving Party promptly, in writing, upon discovery that Disclosure or Discovery Material constituting or containing privileged or otherwise protected or exempted information has been produced.  Upon receiving written notice from the Producing Party that such Disclosure or Discovery Material has been produced, all such Disclosure or Discovery Material, and all copies thereof, shall be returned by any Receiving Party to the Producing Party within ten (10) business days of receipt of such notice and the Receiving Party shall not use such Disclosure or Discovery Material (or any information contained therein) for any purpose, except as provided in Section 11.4, until further order of the Court.  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.  When appropriate, the Producing Party will provide a redacted version of the Disclosure or Discovery Material in question to the Receiving Party.

11.4    The Receiving Party may contest the privilege or protection claim by the Producing Party as to the Disclosure or Discovery Material in question, shall give the Producing Party written notice of the reason for said disagreement, and shall be entitled to retain one copy of the Disclosure or Discovery Material in question for use in resolving the dispute.  However, the Receiving Party may not challenge the privilege or protection claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection.  Unless the Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, seek an Order from the Court compelling the production of the Disclosure or Discovery Material in question (which must be filed under seal consistent with Local Rule 5.1.3), then any retained copy of the Disclosure or Discovery Material in question shall be returned in accordance with Section 9.1.3, and the Receiving Party shall not be entitled to use the Disclosure or Discovery Material in question or any information contained therein in thereafter seeking to compel production of such Material.  In the

16

event of a dispute, the parties shall follow the procedures set forth in Paragraph 7 of the Scheduling Order.

11.5    Any analyses, memoranda or notes that were internally generated based upon the Disclosure or Discovery Material in question shall immediately be placed in sealed envelopes and shall be destroyed in the event that (i) the Receiving Party does not contest that such Disclosure or Discovery Material is privileged or otherwise protected or exempted, or (ii) the Court rules that such Disclosure or Discovery Material is privileged or otherwise protected or exempted.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and used as and to the extent otherwise permitted by this Order in the event that (i) the Producing Party agrees in writing that such Disclosure or Discovery Material is not privileged or otherwise protected or exempted, or (ii) the Court rules that such Material is not privileged or otherwise protected or exempted.

11.6    If a Receiving Party determines that it has received privileged or otherwise protected or exempted Disclosure or Discovery Material, the Receiving Party shall notify the Producing Party and, if requested by the Producing Party, shall destroy or return all copies of such Disclosure or Discovery Material to the Producing Party within ten (10) business days and shall provide a certification of counsel that all such Disclosure or Discovery Material (and any copies thereof) has been returned or destroyed, and shall not use such Disclosure or Discovery Material for any purpose until further order of the Court.  When appropriate, the Producing Party will provide a redacted version of such Disclosure or Discovery Material to the Receiving Party.

11.7    If a Producing Party inadvertently or otherwise produces Protected Material that is not relevant to the claims or defenses of any Party, the Producing Party shall promptly notify the Receiving Party following the discovery of production of such Protected Material, and the Receiving Party shall:

(a)    immediately cease the review and use of the Protected Material in question, except to the extent necessary to determine and/or contest the relevance of such Protected Material; and

(b)    if the Receiving Party does not challenge the Producing Party's assertion of inadvertent production of irrelevant Protected Material (as set forth below in Section 11.1.8 below), the Receiving Party shall return to the Producing Party or destroy the Disclosure or Discovery Material in question, forthwith, as well as any and all copies thereof and any reference to the inadvertently produced material, to the extent such references exist in other materials prepared by the Receiving Party. Upon request of the Producing Party, the Receiving Party must provide to the Producing Party a certification of counsel that the irrelevant information has been destroyed subject to the terms of this Order.

11.8    The Receiving Party may contest the relevance claim consistent with the procedures set forth in Section 7 of the Scheduling Order. The Receiving Party shall be entitled to retain one copy of the Disclosure or Discovery Material in question for use in resolving the dispute but may not challenge the relevance claim by arguing that the disclosure itself admits relevance or otherwise waives this claim. Unless the Receiving Party shall, within fifteen (15) business days from the initial notice by the Producing Party, seek an Order from the Court compelling the production of the Disclosure or Discovery Material in question, then any retained copy of the Disclosure or Discovery Material in question shall be returned in accordance with Section 11.1.3, and the Receiving Party shall not be entitled to use the Disclosure or Discovery Material in question or any information contained therein in thereafter seeking to compel production of such Disclosure or Discovery Material.

4911-5378-1374, v. 1

12.    **MISCELLANEOUS**

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the Disclosure or Discovery Material covered by this Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Protected Material may be filed under seal consistent with Local Rule 5.1.3. When filing papers under seal, counsel shall follow the District Court's policy on Filing Seal Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document. Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material

4911-5378-1374, v. 1

would work a clearly defined and serious injury to the party seeking redaction.

12.4    In the event additional persons join or are joined as parties in this Action, and in the event additional attorneys appear as counsel of record, they will be bound by this Order.

12.5    Nothing in the provisions of this Order shall prevent a Designating Party from using Protected Material that it has designated as such in any manner otherwise within the rights of such Designating Party.

12.6    Other Proceedings. By entering this Order and limiting the disclosure of Disclosure and Discovery Material in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

13.    **<u>FINAL DISPOSITION</u>**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material in its possession to the relevant Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Upon request of a Producing Party or Designating Party, the Receiving Party must submit a written certification to the relevant Producing Party (and, if not the same person or entity, to the relevant Designating Party) that affirms that all Protected Material applicable to such Producing Party or Designating Party was returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or

capturing any of such Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 8, 2025

THE ROSNER LAW GROUP LLC

*/s/ Zhao Liu*
Frederick Brian Rosner (#3995)
Zhao (Ruby) Liu (#6436)
824 Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com

*Plaintiffs' Delaware Counsel*

TUSAN LAW, PC
Christina Tusan (*pro hac vice*)
Adrian Barnes (*pro hac vice*)
680 E. Colorado Blvd. #180
Pasadena, CA 91101
(626) 418-8203
F: (626) 619-8253
ctusan@ctusanlaw.com
abarnes@ctusanlaw.com

KAPLAN FOX & KILSHEIMER LLP
Matthew B. George (*pro hac vice*)
Laurence D. King (*pro hac vice*)
Clarissa R. Olivares (*pro hac vice*)

COZEN O'CONNOR

*/s/ Kann Ekiner*
Kaan Ekiner (#5607)
1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

Erica Rutner (*pro hac vice*)
Michael Puretz (*pro hac vice*)
1801 N Military Trail, Suite 200
Boca Raton, FL 33431
(561) 245-6120
erutner@cozen.com
mpuretz@cozen.com

John A. Bertino (*pro hac vice*)
2001 M Street NW, Suite 500
Washington, DC 20036
(202) 912-4881
jbertino@cozen.com

*Attorneys for Defendant*
*Igloo Products Corp.*

21

4911-5378-1374, v. 1

Walter Howe (*pro hac vice*)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
(415) 772-4700
F:  (415) 772-4707
mgeorge@kaplanfox.com
lking@kaplanfox.com
colivares@kaplanfox.com
whowe@kaplanfox.com

*Interim Co-Lead Class Counsel*


**SO ORDERED** this ___ day of December 2025.


_____
**HONORABLE ELEANOR G. TENNYSON**
**UNITED STATES MAGISTRATE JUDGE**