# The Rosner Law Group LLC

Attorneys at Law

| | |
|---|---|
| 824 N. Market Street, Suite 810<br>Wilmington, Delaware 19801<br>(302) 777-1111<br>www.teamrosner.com | FREDERICK B. ROSNER*<br>rosner@teamrosner.com<br><br>ZHAO "RUBY" LIU +<br>liu@teamrosner.com<br><br>CHAN "CORA" DONG*<br>dong@teamrosner.com |

\* Also admitted in NY
+ Also admitted in PA

December 10, 2025

**VIA CM/ECF and Hand-Delivery**
The Honorable Judge Eleanor G. Tennyson
United States Magistrate Judge
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 38, Room 4104
Wilmington, DE 19801-3555

      Re:    ***In re Igloo Products Cooler Recall Litigation***
              **Civil Action No. 1:25-cv-00298-JLH-EGT (Consolidated)**
              **Joint Letter Regarding Proposed Scheduling Order**

Dear Judge Tennyson:

      The parties respectfully submit this letter in relation to the proposed scheduling order (Dkt. 67) filed on December 8, 2025. The parties worked collaboratively to draft the proposed scheduling order and there are no disputes between the parties regarding the contents of that order. The proposed scheduling order deviates from the form scheduling order in the following respects:

- Paragraph 1 (Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard): The proposed scheduling order requires the parties to make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Section 3 of the Default Standard for Discovery Disclosures on or before December 15, 2025. The parties sought to include a firm deadline (rather than setting a deadline based on entry of the scheduling order by the Court) which would be the same as the deadline for initial disclosures under the Court's Default Standard for Discovery.

- Paragraph 7(f)(i) (Discovery: Disclosure of Expert Testimony: Expert Reports): The proposed scheduling order provides for disclosure of expert testimony by both sides

pursuant to the same deadline, and supplemental disclosure by both sides pursuant to the same, later, deadline. The Parties consider that this is preferable, in this case, to the alternating disclosures contemplated by the form scheduling order.

- Paragraph 9 (Class Certification): The proposed scheduling order sets a deadline for any motion for class certification.

- Paragraph 10(a) (Case Dispositive Motions): Rather than the firm deadline for case dispositive motions contemplated by the form scheduling order, the proposed scheduling order sets a deadline 30 days after the Court issues an order on class certification.

- Paragraph 11 (Further Status/Scheduling Conference): The proposed scheduling order provides that, if a motion for class certification is filed, the Court shall set a further status/scheduling conference approximately 30 days after the Court issues an order on class certification.

- Paragraph 14 (Pretrial Conference): Rather than setting a firm date for the pretrial conference, as contemplated by the form scheduling order, the proposed scheduling order provides that the pretrial conference will be held on a date, convenient to the Court, approximately four months after any dispositive motion is filed pursuant to paragraph 10.

- Paragraph 16 (Trial): Rather than setting a firm date for trial, as contemplated by the form scheduling order, the proposed scheduling order provides that trial will begin on a date seven days after the pretrial conference.

[*Signature follows on next page*]

|  |  |
|---|---|
| THE ROSNER LAW GROUP LLC | Respectfully submitted,<br><br>COZEN O'CONNOR |
| /s/ Zhao Liu<br>Frederick Brian Rosner (#3995)<br>Zhao (Ruby) Liu (#6436)<br>824 Market Street, Suite 810<br>Wilmington, DE 19801<br>(302) 777-1111<br>rosner@teamrosner.com<br>liu@teamrosner.com<br><br>*Plaintiffs' Delaware Counsel*<br><br>TUSAN LAW, PC<br>Christina Tusan (*pro hac vice*)<br>Adrian Barnes (*pro hac vice*)<br>680 E. Colorado Blvd. #180<br>Pasadena, CA 91101<br>(626) 418-8203<br>F: (626) 619-8253<br>ctusan@ctusanlaw.com<br>abarnes@ctusanlaw.com<br><br>KAPLAN FOX & KILSHEIMER LLP<br>Matthew B. George (*pro hac vice*)<br>Laurence D. King (*pro hac vice*)<br>Clarissa R. Olivares (*pro hac vice*)<br>Walter Howe (*pro hac vice*)<br>1999 Harrison Street, Suite 1501<br>Oakland, CA 94612<br>(415) 772-4700<br>F: (415) 772-4707<br>mgeorge@kaplanfox.com<br>lking@kaplanfox.com<br>colivares@kaplanfox.com<br>whowe@kaplanfox.com<br><br>*Interim Co-Lead Class Counsel* | /s/ Kaan Ekiner<br>Hugh J. Marbury (#7427)<br>Kaan Ekiner (#5607)<br>1201 North Market Street, Suite 1001<br>Wilmington, DE 19801<br>(302) 295-2046<br>kekiner@cozen.com<br><br>Erica Rutner (*pro hac vice*)<br>Michael Puretz (*pro hac vice*)<br>1801 N Military Trail, Suite 200<br>Boca Raton, FL 33431<br>(561) 245-6120<br>erutner@cozen.com<br>mpuretz@cozen.com<br><br>John A. Bertino (*pro hac vice*)<br>2001 M Street NW, Suite 500<br>Washington, DC 20036<br>(202) 912-4881<br>jbertino@cozen.com<br><br>*Attorneys for Defendant Igloo Products Corp.* |

Cc: all counsel of record (via CM/ECF)