IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | Civil Action No.: 1:25-cv-00298-JLH-EGT<br><br>CONSOLIDATED |

## SCHEDULING ORDER

This 12th day of December, 2025, the parties having conducted their Federal Rule of Civil Procedure 26(f) Conference on November 13, 2025, and having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

**IT IS HEREBY ORDERED that:**

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and Section 3 of the Default Standard for Discovery Disclosures on or before **December 15, 2025**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **April 27, 2026**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8 below.

1

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. If counsel are unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 7(g) below.

> Any proposed protective order must include the following paragraph:
>
> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document must be filed electronically within seven (7) days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted and (2) a copy of the proposed redacted/sealed transcript. With such request, the party seeking redactions must

demonstrate why good cause exists for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided. Exhibits and attachments must be separated by tabs, and the parties should highlight the portions of the exhibits and attachments that they wish the Court to read.

6. <u>ADR Process.</u> This matter is NOT automatically referred to a magistrate judge to explore the possibility of alternative dispute resolution, but the parties may request such a referral if the case does not involve securities.

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cutoff.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **October 26, 2026**.

(b) <u>Document Production.</u> Document production shall be substantially complete by **July 13, 2026**.

(c) <u>Requests for Admission.</u> A maximum of **25** requests for admission are permitted for each side.

(d) <u>Interrogatories</u>.

(i) A maximum of **25** interrogatories, including contention interrogatories, are permitted for each party.

(ii) The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention

3

interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail that a party provides, the more detail the party shall receive).

    (e)     <u>Depositions.</u>

        (i)     <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of **70** hours of taking testimony by deposition upon oral examination (excluding depositions of expert witnesses).

        (ii)     <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by agreement of the Parties and/or order of the Court. The Parties previously agreed that Plaintiffs would not be required to travel to Delaware for their depositions as a condition of voluntary transfer. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (f)     <u>Disclosure of Expert Testimony.</u>

        (i)     <u>Expert Reports.</u> The initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony by both sides is due on or before **November 30, 2026**. Any supplemental disclosure to contradict or rebut evidence on the same matter by both sides is due on or before **February 1, 2027**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

        (ii)     <u>Expert Report Supplementation.</u> The parties agree that they **will**

permit expert declarations to be filed in connection with motions briefing (including case dispositive motions).

(iii) <u>Objections to Expert Testimony.</u> To the extent that any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

(iv) <u>Expert Discovery Cutoff.</u> All expert discovery in this case shall be initiated so that it will be completed on or before **March 16, 2027**.

(g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

(i) Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

(ii) Should counsel find that, after reasonable efforts pursuant to Local Rule 7.1.1, they are unable to resolve a discovery matter or a dispute relating to a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a Motion for Teleconference to Resolve a Discovery or Protective Order Dispute. The text for this motion can be found in the "Forms" section of Magistrate Judge Tennyson's portion of the Court's website.

(iii) After reviewing the motion, the Court will issue an order setting a discovery conference and outlining the specific dispute procedure to be used. On the date set by court order, generally not less than seventy-two (72) hours prior to the conference, the party seeking relief shall file with the Court a letter not to exceed three (3) pages in 12-point font outlining the issues in dispute and that party's position on those issues. This submission shall include as exhibits (1) a proposed order that identifies with specificity the relief sought on an issue-

by-issue basis and (2) copies of any discovery requests and responses relating to the dispute. On the date set by court order, generally not less than forty-eight (48) hours prior to the conference, any party opposing the application for relief may file a letter not to exceed three (3) pages in 12-point font outlining that party's reason for its opposition.

(iv) Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

8. <u>Motions to Amend / Motions to Strike.</u>

(a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

(b) Any such motion shall attach the proposed amended pleading (as well as a "redline" comparison to the prior pleading) or the document proposed to be stricken.

9. <u>Class Certification</u>

(a) Any motion for class certification must be filed on or before **April 5, 2027**. Briefing will be presented pursuant to the Court's Local Rules.

10. <u>Case Dispositive Motions.</u>

(a) If a motion for class certification is filed pursuant to paragraph 9 of this Order, all case dispositive motions, an opening brief, and affidavits, if any, in support of the case dispositive motions shall be filed on or before **the date 30 days after the Court issues an order on class certification**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Federal Rule of Civil Procedure 56 may be filed more than ten (10) days

before the above date without leave of the Court. If no motion for class certification is filed, the Parties shall submit a new proposed scheduling order to the Court.

        (b)    <u>Concise Statement of Facts.</u> Any motion for summary judgment must be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact that the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and for which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

11. <u>Further Status/Scheduling Conference</u>. If a motion for class certification is filed pursuant to paragraph 9 of this Order, the Court shall set a further status/scheduling conference on a date, convenient to the Court, approximately 30 days after the Court issues an order on class certification.

12. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion must contain the statement required by Local Rule 7.1.1.

13. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Pretrial Conference.</u> On a date, convenient to the Court, approximately four months after any dispositive motion is filed pursuant to paragraph 10, above, the Court will hold an in-person pretrial conference with counsel ~~beginning at~~ TBD _____. Not later than seven (7) days before the pretrial conference, the parties shall file a joint proposed final pretrial order in compliance with Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.3(c) & (d)(4). Unless

4932-1737-8942, v. 1

otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs must be numbered.

15. <u>Jury Instructions, Voir Dire and Special Verdict Forms.</u> At least seven (7) days before the final pretrial conference, the parties shall file proposed voir dire, preliminary jury instructions, final jury instructions and special verdict forms pursuant to Local Rules 47.1(a)(2) and 51.1. The Court expects the parties to work together to submit joint proposed versions of the voir dire, preliminary jury instructions and final jury instructions, indicating within those joint submissions any differences between the parties' proposals. The foregoing submissions shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, emailed to egt_civil@ded.uscourts.gov.

16. <u>Trial.</u> This matter is scheduled for a ten day jury trial beginning at 9:30 a.m. on a date seven days after the pretrial conference, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: December 8, 2025

| | |
|---|---|
| THE ROSNER LAW GROUP LLC | COZEN O'CONNOR |
| | |
| */s/ Zhao Liu* | */s/ Kaan Ekiner* |
| Frederick Brian Rosner (#3995) | Hugh J. Marbury (#7427) |
| Zhao (Ruby) Liu (#6436) | Kaan Ekiner (#5607) |

824 Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com

*Plaintiffs' Delaware Counsel*

TUSAN LAW, PC
Christina Tusan (*pro hac vice*)
Adrian Barnes (*pro hac vice*)
680 E. Colorado Blvd. #180
Pasadena, CA 91101
(626) 418-8203
F: (626) 619-8253
ctusan@ctusanlaw.com
abarnes@ctusanlaw.com

KAPLAN FOX & KILSHEIMER LLP
Matthew B. George (*pro hac vice*)
Laurence D. King (*pro hac vice*)
Clarissa R. Olivares (*pro hac vice*)
Walter Howe (*pro hac vice*)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
(415) 772-4700
F: (415) 772-4707
mgeorge@kaplanfox.com
lking@kaplanfox.com
colivares@kaplanfox.com
whowe@kaplanfox.com

*Interim Co-Lead Class Counsel*

1201 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com

Erica Rutner (*pro hac vice*)
Michael Puretz (*pro hac vice*)
1801 N Military Trail, Suite 200
Boca Raton, FL 33431
(561) 245-6120
erutner@cozen.com
mpuretz@cozen.com

John A. Bertino (*pro hac vice*)
2001 M Street NW, Suite 500
Washington, DC 20036
(202) 912-4881
jbertino@cozen.com

*Attorneys for Defendant
Igloo Products Corp.*

**SO ORDERED** this 12th day of December 2025.

_____
UNITED STATES MAGISTRATE JUDGE

4932-1737-8942, v. 1

| Event | Deadline |
|---|---|
| Deadline for all motions to join other parties, and to amend or supplement the pleadings | April 27, 2026 |
| Deadline for production to be substantially complete | July 13, 2026 |
| Fact discovery cutoff | October 26, 2026 |
| Deadline for Plaintiffs' and Defendant's initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony | November 30, 2026 |
| Deadline for Plaintiffs' and Defendant's disclosure of rebuttal expert testimony | February 1, 2027 |
| Expert discovery cutoff | March 16, 2027 |
| Deadline for motion for class certification | April 5, 2027 |
| Deadline for case dispositive motion | 30 days after Court issues order on class certification |
| Further Status/Scheduling Conference | A date, convenient to the Court, approximately 30 days after Court issues order on class certification |
| Pretrial conference | A date, convenient to the Court, approximately four months after any dispositive motion is filed |
| First day of trial | Seven days after the pretrial conference |

4932-1737-8942, v. 1