**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION** | C.A. No. 1:25-cv-00298-JLH-EGT<br>CONSOLIDATED |

# PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S SEPTEMBER 24, 2026 REPORT AND RECOMMENDATION

**THE ROSNER LAW GROUP LLC**
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: *rosner@teamrosner.com*
Email: *liu@teamrosner.com*

*Plaintiffs' Delaware Counsel*

**TUSAN LAW, PC**
Christina Tusan (*pro hac vice*)
*ctusan@ctusanlaw.com*
Adrian Barnes (*pro hac vice)*
*abarnes@ctusanlaw.com*
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203

**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (*pro hac vice*)
*mgeorge@kaplanfox.com*
Laurence D. King (*pro hac vice*)
*lking@kaplanfox.com*
Clarissa R. Olivares (*pro hac vice*)
*colivares@kaplanfox.com*
Walter Howe (*pro hac vice*)
*whowe@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: (415) 772-4700

*Interim Co-Lead Class Counsel*

Dated: October 8, 2026

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION AND SUMMARY ..... 1

II. STANDARD OF REVIEW ..... 2

III. SPECIFIC OBJECTIONS ..... 2

A. Objection 1: The R&R Erroneously Recommends Dismissal of Plaintiffs' Consumer Fraud Claims (Counts VII-XIII) Under Rule 9(b) ..... 2

i. Plaintiffs Need Not Identify the Particular Igloo Employee Responsible for a Corporate Omission. ..... 3

ii. Rule 9(b) Does Not Govern Plaintiffs' Independently Pleaded UCL Unlawful and Unfair Theories. ..... 5

iii. Footnote 9 Does Not Provide an Alternative Basis for Dismissal. ..... 7

B. Objection 2: Dismissal of Plaintiffs' Consumer Fraud Claims (Counts VII-XIII) Should be Without Prejudice and with Leave to Amend. ..... 8

IV. CONCLUSION ..... 10

RULE 72 CERTIFICATION ..... 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alban v. BMW of N. Am.*,
No. 09-5398 DRD, 2011 WL 900114 (D.N.J. Mar. 15, 2011) .......... 5, 10

*Carson v. HP Inc.*,
750 F. Supp. 3d 376 (D. Del. 2024) .......... 4, 5, 10

*Casavant v. Norwegian Cruise Line Ltd.*,
460 Mass. 500 (2011) .......... 7

*City of Warren Police & Fire Retirement System v. Prudential Financial, Inc.*,
70 F.4th 668 (3d Cir. 2023) .......... 4, 10

*Connick v. Suzuki Motor Co.*,
174 Ill. 2d 482 (1996) .......... 7

*De Bouse v. Bayer AG*,
235 Ill. 2d 544 (2009) .......... 7

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007) .......... 3, 10

*Glass v. BMW of N. Am., LLC*,
No. 10-5259 ES, 2011 WL 6887721 (D.N.J. Dec. 29, 2011) .......... 5, 10

*Glauberzon v. Pella Corp.*,
No. 10-5929 (JLL), 2011 WL 1337509 (D.N.J. Apr. 7, 2011) .......... 5, 10

*Goldstein v. RTX Corp.*,
No. CV 24-1169-JLH-SRF, 2025 WL 3754428 (D. Del. Dec. 29, 2025) .......... 2

*Grayson v. Mayview State Hosp.*,
293 F.3d 103 (3d Cir. 2002) .......... 8

*Hess v. Chase Manhattan Bank, USA, N.A.*,
220 S.W.3d 758 (Mo. banc 2007) .......... 7

*In re Tobacco II Cases*,
46 Cal. 4th 298 (2009) .......... 7

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......... 6

*Kirchner v. Wyndham Vacation Resorts, Inc.*,
No. 21-436-CFC, 2021 WL 1198314 (D. Del. Mar. 30, 2021) .......... 4

## TABLE OF AUTHORITIES

**Page(s)**

*Klein v. General Nutrition Cos.*,
186 F.3d 338 (3d Cir. 1999) ........ 3, 10

*Migliore v. Vision Solar LLC*,
160 F.4th 79 (3d Cir. 2025) ........ 4

*Seville Industrial Machinery Corp. v. Southmost Machinery. Corp.*,
742 F.2d 786 (3d Cir. 1984) ........ 3

*Shuker v. Smith & Nephew, PLC*,
885 F.3d 760 (3d Cir. 2018) ........ 2, 9

*Skeen v. BMW of N. Am., LLC*,
No. 13-1531, 2014 WL 283628 (D.N.J. Jan. 24, 2014) ........ 5

*Torres v. Botanic Tonics, LLC*,
709 F. Supp. 3d 856 (N.D. Cal. 2023) ........ 6

*United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.,*
839 F.3d 242 (3d Cir. 2016) ........ 8

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ........ 6

*Wilkerson v. Wendover, Inc.*,
No. CIV.A. 06-450-JJF, 2007 WL 2121868 (D. Del. July 23, 2007) ........ 9

**Statutes**

28 United States Code
§ 636(b)(1)(B) ........ 2

California Business and Professions Code
§§ 17200, *et seq*. [California Unfair Competition Law ("UCL")] ........ 1

California Civil Code
§§ 1790–1795.8 [the "Song-Beverly Consumer Warranty Act"] ........ 6

California Civil Code
§§ 1750, et seq. [the California Consumers Legal Remedy Act ("CLRA")] ........ 6

**Rules**

D. Del. LR 72.1 ........ 1

Fed. R. Civ. P. 9(b) ........ *passim*

## TABLE OF AUTHORITIES

**Page(s)**

Fed. R. Civ. P. 12 .......... 2, 8

Fed. R. Civ. P. 12(b)(6) .......... 1

Fed. R. Civ. P. 15 .......... 8

Fed. R. Civ. P. 72(b)(2) .......... 1

Fed. R. Civ. P. 72(b)(1)-(3) .......... 2

**Regulations**

Missouri Code of State Regulations
15 CSR 60-9.110(4) .......... 7

## I. INTRODUCTION AND SUMMARY

Pursuant to Federal Rule of Civil Procedure 72(b)(2) and D. Del. LR 72.1, Plaintiffs hereby file objections to the Report and Recommendation (D.I. 94) entered by the Honorable Magistrate Judge Eleanor G. Tennyson on September 24, 2026, recommending Igloo's motion to dismiss (D.I. 62) be granted-in-part and denied-in-part and Igloo's motion to strike (D.I. 64) be denied as moot ("R&R").

Plaintiffs have two objections to the R&R. First, Plaintiffs object that the Court dismissed their Consumer Fraud Claims (Counts VII-XIII) under Rule 12(b)(6) by imposing an excessive level of particularity under Rule 9(b) by requiring that they allege precisely "who" at Igloo, a large international consumer products corporation, knew of the admitted safety Defect[1] and engaged in the fraudulent conduct that precipitated a nationwide recall. This level of particularity (that may require insider knowledge) is not required for Plaintiffs' claims based on defect-based omissions theories or non-fraudulent conduct under the unlawful and unfair prongs of the California Unfair Competition Law ("UCL"). Second, Plaintiffs made a timely and unopposed request in the briefing that, if the R&R granted any part of the Motions, any dismissal be without prejudice and that Plaintiffs be granted leave to file an amended complaint. Unfortunately, the R&R is completely silent on Plaintiffs' request. Accordingly, Plaintiffs request that, if the R&R is entered, that Plaintiffs have leave to amend their Consumer Fraud Claims within 21 days because such amendments will not be futile. Indeed, Plaintiffs will be readily able to promptly cure any defects identified by the Court by alleging new facts revealed both through discovery and Plaintiffs' further investigation. "In most instances where plaintiffs fail to plead fraud with particularity—

[1] Capitalized terms are defined as in the Consolidated Class Action Complaint, filed October 21, 2025, D.I. 58 ("Complaint" or "Compl.")

and especially in cases where plaintiffs may be able to supplement their complaints with additional factual content after discovery—district courts should dismiss the fraud claim 'with leave to amend the deficient pleading.'" *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 779 (3d Cir. 2018) (quoting 5A Charles Alan Wright et al., *Federal Practice & Procedure* § 1300 (3d ed. 2017); citing *Warden v. McLelland*, 288 F.3d 105, 115 (3d Cir. 2002)).

## II. STANDARD OF REVIEW

The District Judge applies a *de novo* standard of review on objections to a Magistrate Judge's R&R as to a dispositive motion such as a motion to dismiss under Rule 12. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1)-(3); *see also Goldstein v. RTX Corp.*, No. CV 24-1169-JLH-SRF, 2025 WL 3754428, at *5 n.9 (D. Del. Dec. 29, 2025).

## III. SPECIFIC OBJECTIONS

### A. Objection 1: The R&R Erroneously Recommends Dismissal of Plaintiffs' Consumer Fraud Claims (Counts VII-XIII) Under Rule 9(b)

The R&R suggests dismissal of Plaintiffs' Consumer Fraud Claims because Plaintiffs identify Igloo, but not a particular Igloo employee, as being responsible for the alleged misrepresentations and omissions. R&R at 14-17. That imposes a particularity requirement beyond Rule 9(b), especially for claims based on omissions that are commonly pleaded in product defect cases. While Rule 9(b) requires allegations sufficiently precise to place the defendant on notice of the misconduct charged; it does not invariably require a consumer, before discovery, to identify *exactly* which employee within a corporate manufacturer knew of a product defect and participated in the corporation's failure to disclose it. And, to the extent Rule 9(b) governs Plaintiffs' fraud-based theories, it does not govern independently pleaded statutory theories that do not sound in fraud, including some of their California UCL claims. Plaintiffs provided a complete analysis of why they were able to meet the Rule 9(b) standard in their opposition brief. *See* D.I. 75 at 13-19.

**i. Plaintiffs Need Not Identify the Particular Igloo Employee Responsible for a Corporate Omission.**

Third Circuit precedent does not impose a rigid checklist for Rule 9(b). A plaintiff may plead the date, place, and time of the alleged fraud or use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Seville Industrial Machinery Corp. v. Southmost Machinery. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *see Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The ultimate purpose is to provide notice of the "precise misconduct" charged. *Seville*, 742 F.2d at 791. Plaintiffs' Complaint does that. It identifies the manufacturer (Igloo); the products (the identified Rolling Coolers); the Defect (the tow handle can dangerously pinch, lacerate, and amputate users' fingertips); the concealed and omitted information (the existence and dangerous nature of that Defect); the relevant period (before Plaintiffs' and Class Members' purchases); the challenged conduct (marketing and selling the Coolers without disclosing the Defect); and the resulting economic injury. Compl. ¶¶ 34-57, 59-100. The R&R even concludes that the Complaint plausibly alleges that Igloo knew of the Defect before Plaintiffs' purchases and that Plaintiffs demonstrated economic injury and standing. R&R at 23-24. Nothing more should be required at this stage.

The cases cited in the R&R do not establish a categorical requirement to identify individual employees in these circumstances. Indeed, *Frederico* involved an affirmative oral misrepresentation allegedly made by an unidentified Home Depot employee, and the complaint also failed to adequately identify when the statement was made or the surrounding circumstances. 507 F.3d at 201-02. The court in *Frederico* explicitly acknowledged the plaintiff's pre-discovery difficulty in learning the employee's name but found the overall description of the circumstances of the affirmative misrepresentation to be insufficient. *Id. Klein v. General Nutrition Cos.*, likewise, concerned affirmative statements in a securities-fraud action. 186 F.3d 338, 345 (3d Cir.

1999). Securities fraud claims differ substantially from Plaintiffs' Consumer Fraud Claims because those heightened pleading standards require identification of the "speaker" where liability rests on what a particular person said. They do not bear on everyday consumer transactions and do not categorically establish that an unsuspecting consumer alleging a corporate manufacturer's continuing nondisclosure of a belatedly admitted serious safety defect must identify the unknown employee or employees responsible for the corporation's concealment over a period of many years.

Further, the Third Circuit's recent decision in *Migliore v. Vision Solar LLC*, 160 F.4th 79, 91 (3d Cir. 2025), does not support that extension. There, collective allegations against five defendants failed to identify *which* defendant committed the challenged act. *Id*. Here there is no comparable group-pleading problem: the Complaint identifies a single defendant—Igloo—as the manufacturer responsible for selling the defective Coolers without disclosing the known but concealed safety hazard. Similarly, *City of Warren* and *Kirchner* do not establish a categorical employee-name requirement. Rather, *City of Warren* involved identified corporate disclosures and statements in a securities fraud action, *City of Warren Police & Fire Retirement System v. Prudential Financial, Inc.*, 70 F.4th 668, 680 (3d Cir. 2023), while *Kirchner* involved unidentified statements and omissions during particular in-person sales presentations and multiple other particularity deficiencies, *Kirchner v. Wyndham Vacation Resorts, Inc.*, No. 21-436-CFC, 2021 WL 1198314, at *3-4 (D. Del. Mar. 30, 2021). Neither holds that consumer-purchasers alleging a manufacturer's continuing nondisclosure of a specified safety defect must identify the employee responsible for the corporation's silence.

The flexibility inherent in Rule 9(b) is especially important for omissions. As *Carson v. HP Inc.* recognizes, Rule 9(b) is necessarily relaxed because "one cannot identify with specificity *one particular date or time or speaker* that relates to an *omission*—since by definition, when it

comes to an omission, the idea is that the defendant simply *never* said anything at *any* particular time." 750 F. Supp. 3d 376, 394 (D. Del. 2024) (emphasis in original); *see also Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2014 WL 283628, at *8 (D.N.J. Jan. 24, 2014). Requiring Plaintiffs nevertheless to identify a "specific individual" responsible for Igloo's silence, R&R at 16, imposes precisely the rigidity *Carson* rejects. Where, as here, the allegedly concealed knowledge concerns Igloo's own product design, testing, complaints about injuries, and corrective measures, requiring identification of the employee possessing that information before discovery elevates Rule 9(b)'s notice requirement into an evidentiary requirement not necessary at the pleading stage.

The remaining product-defect decisions cited by the R&R—*Glauberzon*, *Glass*, and *Alban*—do not justify dismissal. Those nonbinding decisions involved materially deficient allegations concerning whether the manufacturers actually possessed knowledge of the alleged defects. *See Glauberzon v. Pella Corp.*, No. 10-5929 (JLL), 2011 WL 1337509, at *9-10 (D.N.J. Apr. 7, 2011); *Glass v. BMW of N. Am., LLC*, No. 10-5259 ES, 2011 WL 6887721, at *8 (D.N.J. Dec. 29, 2011); *Alban v. BMW of N. Am.*, No. 09-5398 DRD, 2011 WL 900114, at *7-9 (D.N.J. Mar. 15, 2011). Here, by contrast, the R&R separately holds that Plaintiffs plausibly alleged Igloo's pre-sale knowledge. R&R at 23-24. Once that allegation is accepted as plausible—and knowledge itself may be alleged generally under Rule 9(b)—the absence of the name of the employee through whom Igloo possessed that knowledge should not defeat otherwise particularized allegations of corporate nondisclosure.

#### ii. Rule 9(b) Does Not Govern Plaintiffs' Independently Pleaded UCL Unlawful and Unfair Theories.

The R&R also errs in applying Rule 9(b) to the California UCL claim "as a whole." R&R at 15 n.8. Plaintiffs' Count IX does not merely label fraudulent conduct "unfair." It separately pleads each distinct statutory theory—unlawful, unfair, and fraudulent. Plaintiffs' Complaint

alleges an unlawful practice based on warranty breaches and violations of the Song-Beverly Consumer Warranty Act, California Consumers Legal Remedy Act, and other consumer statutes. Compl. ¶ 278. Separately, Plaintiffs allege unfair practices consisting of designing, marketing, and selling Coolers with a dangerous Defect, despite knowing or having reason to know they were unsafe, and failing to provide an adequate remedy or compensation. Compl. ¶¶ 279-80. Only paragraph 281 then alleges the fraudulent practice of concealing the Defect. Compl. ¶¶ 278-81.

Separately pleading the unlawful and unfair theories matters under *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003). When a claim contains both fraudulent and non-fraudulent conduct, "only the allegations of fraud are subject to Rule 9(b)." *Id.* at 1104. *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009), relied on by the R&R, is different. Rule 9(b) governed the entire claim there because the plaintiff alleged a "unified course of fraudulent conduct" and "rel[ied] entirely on that course of conduct as the basis of a claim." *Id.* at 1125. Plaintiffs here do not—they expressly and independently challenge Igloo's design, marketing, and sale of dangerous products and its inadequate recall remedy. Compl. ¶¶ 279-80.

Indeed, the R&R concludes that the Defect plausibly made the Coolers "inherently worth less" than non-defective coolers. R&R at 8. That is precisely the type of independent "unfairness theory" recognized in *Torres v. Botanic Tonics, LLC*, 709 F. Supp. 3d 856, 858-59 (N.D. Cal. 2023): selling a product known to pose a serious danger without warning can potentially constitute an unfair practice even if no separate statutory or common-law disclosure claim succeeds. Rule 9(b) therefore cannot justify dismissal of Count IX in its entirety. Further, the R&R's recommendation that the implied warranty claims for California Plaintiffs Nguyen and Barragan should proceed would also support sustaining the unlawful prong under the UCL. *See Barakezyan v. BMW of N. Am., LLC*, 715 F. App'x 762, 763 (9th Cir. 2018) ("because [Plaintiff]

sufficiently pleaded violations of [] implied warranties, he sufficiently pleaded a violation of the unlawful prong of the UCL.") (citing *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 62 Cal. Rptr. 3d 177, 185–86 (2007)).

**iii. Footnote 9 Does Not Provide an Alternative Basis for Dismissal.**

Footnote 9 in the R&R raises two issues that were neither raised in Defendant's motions nor briefed by the parties: that certain statements such as "easy pulling" are puffery and that Plaintiffs fail to allege "where, when and how" each Plaintiff relied upon misrepresented or omitted information. R&R at 17 n.9. Neither supports wholesale dismissal.

First, whether "easy pulling" is puffery does not warrant dismissal of Plaintiffs' principal omission theory: that Igloo sold the Coolers without disclosing a dangerous tow-handle Defect capable of causing serious hand injuries. That claim does not depend on treating "easy pulling" as an actionable affirmative representation. Second, Plaintiffs did plead with specificity the when, where, and how of their reliance on Defendant's omissions at the time of purchase by identifying the dates, locations, and other details of their purchases, and importantly, that had they known the Coolers were defective they would not have purchased them or would have paid less and/or sought materially different terms. Compl. ¶¶ 47, 49, 60-64, 66-73, 75-81, 83-88, 90-94, 96-100, 116, 164, 243-45, 267-69, 283 (identifying dates, locations, retailers, and prices associated with purchases). That is sufficient to satisfy the requirements under the applicable consumer protection statutes. *E.g.*, *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-28 (2009); *Casavant v. Norwegian Cruise Line Ltd.*, 460 Mass. 500, 503 (2011); *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 774 (Mo. banc 2007); 15 CSR 60-9.110(4); *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996); *De Bouse v. Bayer AG*, 235 Ill. 2d 544, 554-55 (2009).

### B. Objection 2: Dismissal of Plaintiffs' Consumer Fraud Claims (Counts VII-XIII) Should be Without Prejudice and with Leave to Amend.

Plaintiffs expressly requested leave to amend in their oppositions to Igloo's motions to dismiss and to strike. D.I. 75 at 30; D.I. 76 at 16. At no point did Igloo oppose Plaintiffs' request. *See* D.I. 62-65, 77-78. Unfortunately, the R&R is silent as to whether dismissal of Plaintiffs' Consumer Fraud Claims will be with or without prejudice and with or without leave to amend. *See* R&R at 14-17, 25. This litigation is a consolidated class action of multiple underlying cases originally filed in different districts. D.I. 30. The current Complaint was filed just after transfer of the various actions, consolidation, and appointment of interim lead counsel, and prior to any discovery or filing of Rule 12 motions. As such, Plaintiffs respectfully request that, as is readily provided in similarly coordinated complex consumer class actions, should the Court dismiss their Consumer Fraud Claims, it allow them leave to file an amended complaint to cure the deficiencies identified by the R&R.

It is axiomatic that "inadequate complaints should be dismissed without granting leave to amend *only if* amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002) (emphasis added) (citing *Shane v. Fauver*, 213 F.3d 113, 116–17 (3d Cir. 2000)); *see also United States ex rel. Customs Fraud Investigations, LLC. v. Victaulic Co.,* 839 F.3d 242, 250 (3d Cir. 2016) (The Third Circuit has "rarely upheld a dismissal with prejudice of a complaint when the plaintiff has been given no opportunity to amend."); Fed. R. Civ. P. 15 ("The court should freely give leave [to amend] when justice so requires."). Here, the Parties have only briefed the *first* Rule 12 motion filed in any of the cases and amendment will not be futile.

If the Court adopts the R&R, Plaintiffs can readily address the R&R's concerns in an amended complaint. The current Complaint was the first and only complaint filed after

appointment of interim lead counsel following the transfer and consolidation of Plaintiffs' individual actions. *See* D.I. 30, 52. At the time of filing the Complaint, Plaintiffs had not yet received any discovery from Igloo, which served its Initial Disclosures the next month on December 15, 2025, pursuant to the Court's Scheduling Order. *See* D.I. 71. Without the benefit of disclosures or discovery, the Complaint nonetheless alleged Igloo's knowledge of the Defect was evidenced both by consumer complaints to Igloo and the CPSC and by the re-design of the tow handle implemented in January 2024. Compl. ¶¶ 17, 54, 55, 241, 264; Compl. at 2 n.3 (incorporating by reference a CPSC Initial Cooler Recall Page stating that, prior to the February 2025 Recall, Igloo "received 12 reports of fingertip injuries, including fingertip amputations, bone fractures, and lacerations.").

Since filing the Complaint, Plaintiffs have learned of additional facts, both in discovery and from publicly available information, with which they could allege on amendment the individual Igloo employees who had actual knowledge of the Defect. Plaintiffs, however, cannot divulge in these objections information obtained from documents Igloo has designated as "Confidential" pursuant to the parties' stipulated protective order. *See* D.I. 68. Plaintiffs can and will provide that information under seal in an amended complaint. *Shuker*, 885 F.3d at 779; *Wilkerson v. Wendover, Inc.*, No. CIV.A. 06-450-JJF, 2007 WL 2121868, at *4 (D. Del. July 23, 2007) ("Of course, during the course of this litigation, Plaintiff may amend her Complaint to comport with facts that may be learned through discovery."). Since filing the Complaint, Igloo has produced over 200,000 documents responsive to Plaintiffs' discovery requests that sought, *inter alia*, records of injury reports and complaints, communications and submissions with the CPSC regulator that instituted the recall, Igloo's internal investigations regarding the Defect, and Igloo's redesign of the defective Tow Handle. Suffice it say that, if required, Plaintiffs can provide a much

more complete story of the relevant facts and involved witnesses that are already set out in Plaintiffs' Complaint.

Amendment would also be equitable. Plaintiffs requested leave to amend in their opposition briefing, which Igloo did not oppose in its reply papers. *See* D.I. 75 at 30; 76 at 16; 62-65, 77-78. In fact, in the cases the cited in the R&R, all other plaintiffs were allowed at least one opportunity to amend prior to dismissal with prejudice. *Frederico*, 507 F.3d at 191 (affirming a dismissal without prejudice); *Carson*, 750 F. Supp. 3d at 396 (dismissing claims without prejudice); *Glass*, 2011 WL 6887721, at *18 (same); *Glauberzon*, 2011 WL 1337509, at *18 (same); *Alban*, 2011 WL 900114, at *1, 7, 12 (dismissing amended complaint with prejudice only after plaintiff was unable to cure defects enumerated in prior order); *Klein*, 186 F.3d at 341, 346 (affirming dismissal of amended complaint filed after defendant's motion to dismiss); *cf. City of Warren*, 70 F.4th at 693–94 (vacating the lower court's dismissal with prejudice).

In order to avoid redundant filings and duplicative motion practice, Plaintiffs have not separately filed a motion for leave to amend since the request was made in the briefing. If, however, the Court would prefer a full motion (which is not usually required in similar procedural postures after a first motion to dismiss), Plaintiffs request the Court allow them 21 days in which to provide a formal motion to amend under Rule 15 attaching the proposed amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court decline to adopt the R&R on the Consumer Fraud Claims, Counts VII-XIII, or, in the alternative, that any dismissal of these Counts be with leave to amend. Plaintiffs would also welcome a hearing on the underlying motion, these objections, or their request for leave to amend to address any of the Court's concerns.

Dated: October 8, 2026

Respectfully submitted,

**THE ROSNER LAW GROUP LLC**

By: /s/ *Zhao Liu*
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: rosner@teamrosner.com
Email: liu@teamrosner.com

*Plaintiffs' Delaware Counsel*

**TUSAN LAW, PC**
Christina Tusan (*pro hac vice*)
*ctusan@ctusanlaw.com*
Adrian Barnes (*pro hac vice)*
*abarnes@ctusanlaw.com*
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253

**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (*pro hac vice*)
*mgeorge@kaplanfox.com*
Laurence D. King (*pro hac vice*)
*lking@kaplanfox.com*
Clarissa R. Olivares (*pro hac vice*)
*colivares@kaplanfox.com*
Walter Howe (*pro hac vice*)
*whowe@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

*Interim Co-Lead Class Counsel*

**RULE 72 CERTIFICATION**

Pursuant to Paragraph 5 of the Court's *Standing Order for Objections Filed Under Federal Rule of Civil Procedure 72* dated March 7, 2022, the undersigned counsel certifies that the objections submitted herewith do not raise new factual or legal arguments as to the underlying motions subject to the R&R. Plaintiffs do raise some additional case law in support of their Objection No. 2 regarding their prior request for leave to amend. Good cause exists because the R&R was silent as to Plaintiffs' prior request to amend, and Defendant never opposed amendment in the underlying briefing.

Respectfully submitted,

Dated: October 8, 2026

**THE ROSNER LAW GROUP LLC**

By: */s/ Zhao Liu*
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
Phone: (302) 777-1111
Email: rosner@teamrosner.com
Email: liu@teamrosner.com

*Plaintiffs' Delaware Counsel*

**TUSAN LAW, PC**
Christina Tusan (*pro hac vice*)
*ctusan@ctusanlaw.com*
Adrian Barnes (*pro hac vice)*
*abarnes@ctusanlaw.com*
680 E. Colorado Blvd. #180
Pasadena, CA 91101
Telephone: (626) 418-8203
Facsimile: (626) 619-8253

**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (*pro hac vice*)
*mgeorge@kaplanfox.com*
Laurence D. King (*pro hac vice*)
*lking@kaplanfox.com*

Clarissa R. Olivares (*pro hac vice*)
*colivares@kaplanfox.com*
Walter Howe (*pro hac vice*)
*whowe@kaplanfox.com*
1999 Harrison Street, Suite 1501
Oakland, CA 94612
Telephone: (415) 772-4700
Facsimile: (415) 772-4707

*Interim Co-Lead Class Counsel*