**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | C.A. No. 1:25-cv-00298-JLH-EGT CONSOLIDATED |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION**

**COZEN O'CONNOR**

Hugh J. Marbury (#7427)
Kaan Ekiner (#5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19802
(302) 295-2000
HMarbury@Cozen.com
KEkiner@Cozen.com

Erica Rutner (*Pro Hac Vice*)
Michael Puretz (*Pro Hac Vice*)
501 E. Las Olas Blvd. Ste. 300
Fort Lauderdale, FL 33301
(561) 750-3850
ERutner@Cozen.com
MPuretz@Cozen.com

John A. Bertino (*Pro Hac Vice*)
2001 M Street NW, Ste. 500
Washington, D.C. 20036
(202) 912-4800
JBertino@Cozen.com

*Attorneys for Defendant*
*Igloo Products Corp.*

Dated: October 22, 2026

## TABLE OF CONTENTS


INTRODUCTION .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 2

I. The Court Should Adopt the Magistrate Judge's Recommendation to Dismiss Plaintiffs' Consumer Fraud Claims .......... 2

A. The Magistrate Judge Appropriately Determined that Rule 9(b) Requires Plaintiffs to Plead the "Who" With Specificity .......... 2

B. The Magistrate Judge Correctly Determined that Rule 9(b) Governs the Entirety of Plaintiffs' UCL Claim .......... 5

C. The Magistrate Judge Correctly Identified Two Additional Bases for Dismissal of Plaintiffs' Consumer Fraud Claims .......... 6

II. The Court Should Deny Plaintiffs' Bare Request for Leave to Amend the CAC .......... 7

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alban v. BMW of N. Am.*,
2011 WL 900114 (D.N.J. Mar. 15, 2011)....................4

*Breda v. Delaware Valley Sch. Dist.*,
2023 WL 3967901 (3d Cir. June 13, 2023)....................2

*Calderon v. Kansas Dep't of Soc. & Rehab. Servs*.,
181 F.3d 1180, 1187 (10th Cir.1999)....................8

*Carson v. HP, Inc*.,
750 F. Supp. 3d 376 (D. Del. 2024)....................4

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
482 F.3d 247 (3d Cir. 2007)....................7

*Frederico v. Home Depot*,
507 F.3d 188 (3d Cir. 2007)....................3

*Glass v. BMW of N. Am., LLC*,
2011 WL 6887721 (D.N.J. Dec. 29, 2011)....................4

*Glauberzon v. Pella Corp.*,
2011 WL 1337509 (D.N.J. Apr. 7, 2011)....................4

*Klein v. Gen. Nutrition Companies, Inc.*,
186 F.3d 338 (3d Cir. 1999)....................3

*Migliore ex rel. Migliore v. Vision Solar LLC*,
160 F.4th 79 (3d Cir. 2025)....................3

*In re Nat'l Collegiate Student Loan Trusts*,
971 F.3d 433 (3d Cir. 2020)....................6, 8

*Phoenix v. U.S. Homes Corp.*,
628 F. App'x 825 (3d Cir. 2015)....................6

*Ramsgate Court Townhome Association v. West Chester Borough*,
313 F.3d 157 (3d Cir. 2002)....................8

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)....................5

*Woods v. Ceresini*,
2026 WL 1998459 (D. Del. July 10, 2026) ....................................................................2

*United States ex rel. Zizic v. Q2Administrators, LLC*,
728 F.3d 228 (3d Cir. 2013)...........................................................................................7, 8

**Statutes**

28 U.S.C. § 636(b)(1) ..........................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 72(b)(3)........................................................................................................2

## INTRODUCTION

Plaintiffs raise two objections to the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss (D.I. 94) (the "R&R").[1] First, Plaintiffs object to the dismissal of their consumer fraud claims (Counts VII through XIII), which the Magistrate Judge found were insufficiently pled under Rule 9(b). Plaintiffs object to this conclusion on the grounds that the Magistrate Judge erred in requiring them to identify the particular individual who engaged in the alleged fraud. Yet, in applying this standard, the Magistrate Judge rightly cited and relied upon multiple Third Circuit cases as well as several district court cases that have imposed that precise requirement. While Plaintiffs attempt to raise one-off distinctions with these cases, their arguments do nothing to overcome the settled and globally applicable requirement that Rule 9(b) requires a plaintiff to identify the specific individual involved in the alleged fraud—regardless of whether securities fraud is involved, whether there are other pleading defects, or whether the claim is based on an alleged omission. Because Plaintiffs admittedly failed to do so here, the Magistrate Judge was correct in recommending dismissal of Plaintiffs' consumer fraud claims.

Plaintiffs' next objection is predicated on a request that was never properly before the Court—namely, a request for leave to amend the Consolidated Class Action Complaint (the "CAC"). Based on a single sentence lodged at the end of their opposition brief, Plaintiffs claim the Magistrate Judge erred in declining to address their request for leave to amend. Yet, Plaintiffs' request was facially improper—for two separate reasons. First, in contravention of Third Circuit law (as well as the Local Rules and operative Scheduling Order), Plaintiffs never once submitted a draft amended complaint with their request for leave. Second, also in contravention of Third

[1] Plaintiffs' Objection to the R&R (D.I. 97) is referred to hereafter as the "Objection" or "Obj." Plaintiffs' Opposition to Igloo's Motion to Dismiss (D.I. 75) is referred to hereafter as the "Opposition" or "Opp." Defendant Igloo Products Corp. is referred to hereafter as "Igloo."

Circuit law, Plaintiffs failed to identify any grounds for amendment and instead buried their request in a bare sentence at the end of their opposition. Both of these defects are fatal to Plaintiffs' request and mandate that leave be denied under Third Circuit law.

Accordingly, and for the reasons discussed in more detail below, the Court should adopt the Magistrate Judge's recommendation to dismiss Plaintiffs' fraud claims as insufficiently pled under Rule 9(b). It should also decline to grant Plaintiffs' request for leave to amend the CAC.

## LEGAL STANDARD

A district court reviews *de novo* only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A portion of an R&R to which no specific objection is made is reviewed for clear error and may be adopted on that basis. *See Woods v. Ceresini*, 2026 WL 1998459, at *2 (D. Del. July 10, 2026); *Breda v. Delaware Valley Sch. Dist.*, 2023 WL 3967901, at *2 (3d Cir. June 13, 2023). Accordingly, the Court need only review *de novo* the two parts of the R&R to which Plaintiffs objected: the Rule 9(b) dismissal of the consumer fraud claims and the absence of leave to amend. As set forth below, *de novo* review confirms that these portions of the R&R should be adopted.

## ARGUMENT

### I. The Court Should Adopt the Magistrate Judge's Recommendation to Dismiss <u>Plaintiffs' Consumer Fraud Claims</u>

#### A. The Magistrate Judge Appropriately Determined that Rule 9(b) Requires Plaintiffs to Plead the "Who" With Specificity

Plaintiffs do not dispute that the CAC fails to identify any particular person to whom they attribute the alleged conduct underlying their consumer fraud claims. Instead, as the concede, the CAC only refers generally to "Igloo" or "Defendant." Obj. at 3. To circumvent this, Plaintiffs claim that this type of generalized pleading is permissible and that the Magistrate Judge erred in requiring

any further specificity. *Id*. Plaintiffs are wrong.

Where (as here) a consumer fraud claim sounds in fraud, the plaintiff must plead "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The Third Circuit has repeatedly affirmed that this standard "requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements." *Klein v. Gen. Nutrition Companies, Inc.*, 186 F.3d 338, 345 (3d Cir. 1999); *Migliore ex rel. Migliore v. Vision Solar LLC*, 160 F.4th 79, 91 (3d Cir. 2025) (Rule 9(b) requires the plaintiff to plead "the identity of the person making the statement"); *Frederico,* 507 F. 3d at 201 (affirming dismissal because the plaintiff did not provide "any information about [] the particular individual who [made the alleged misrepresentation]"). As the Third Circuit explained in *Frederico* in addressing claims of alleged corporate fraud, the plaintiff is required to plead the "*who* at [the company]" who made the alleged misrepresentation. 507 F.3d at 201 (emphasis in original). Accordingly, it is no excuse that "without the benefit of discovery [the plaintiff] could not learn the name of the employee." *Id.*

Plaintiffs raise three primary arguments in an attempt to evade this black letter law. First, they claim that certain of the authorities dealt with securities fraud, which "differ substantially" from the consumer fraud claims in this case. Obj at 4. The Court can readily reject that distinction because neither *Frederico* nor *Migliore* were securities fraud cases. Rather, just as here, they were cases alleging violations of state consumer fraud statutes. This distinction is therefore immaterial.

Second, Plaintiffs claim that there were also other pleading defects that the courts identified in the pertinent authorities. *Id*. at 4-5. That too is immaterial. Whether there is a single or multiple pleading defects, the principle of law remains the same: a plaintiff must "*at a minimum*" identify the person who committed the fraud. *Klein*, 186 F.3d at 345 (emphasis added). The failure to do

so provides an independent basis for dismissal, regardless of whether other pleading defects also exist. And, in any event, the Magistrate Judge did identify at least two other pleading defects associated with Plaintiffs' consumer fraud claims. *See* R&R at 17, n. 9.

Third, Plaintiffs claim that the requirement has only been applied to claims of affirmative misrepresentations—not to omission-based claims, which they argue are subject to a more "relaxed" Rule 9(b) standard. Obj. at 4-5. This argument also is not persuasive. In fact, the Magistrate Judge expressly acknowledged and rejected this precise argument, and for good reason: because, under Third Circuit law, the particularly requirements of Rule 9(b) apply to both "***false representations or omissions***." R&R at 16 (emphasis in original). Thus, as the Magistrate Judge pointed out, multiple courts in this Circuit have dismissed omission-based consumer fraud claims where, as here, the plaintiff fails to identify the "specific individual with knowledge of a product defect." *Id.*[2] As *Glauberzon* put it, "Plaintiffs do not identify *who* at Pella was aware of the existence of a product-wide mullion defect, when or how *they* learned of such defect and/or when or how the decision was made to conceal the defect from its customers—all of which are required under the Rule 9(b) pleading standard." 2011 WL 1337509, at *9 (emphasis added). Plaintiffs contend these cases are distinguishable because the CAC "plausibly alleged Igloo's pre-sale knowledge." Obj. at 5. However, as Plaintiffs themselves put it, they only alleged "***Igloo's***" pre-sale knowledge; they never alleged ***who*** at Igloo had that alleged knowledge. Thus, in fact, the CAC suffers from the exact defect that was fatal to the pleadings in *Glauberzon*, *Glass*, and *Alban*.[3]

---

[2] Citing *Glauberzon v. Pella Corp.*, 2011 WL 1337509, at *9 (D.N.J. Apr. 7, 2011); *Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *8 (D.N.J. Dec. 29, 2011); *Alban v. BMW of N. Am.*, 2011 WL 900114, at *5 (D.N.J. Mar. 15, 2011).

[3] It also noteworthy that the case Plaintiffs cite in support of a "relaxed" Rule 9(b) standard, *Carson v. HP, Inc.*, 750 F. Supp. 3d 376 (D. Del. 2024), expressly noted that it was merely "presum[ing]" the Third Circuit would apply this more relaxed standard. *Id.* at 394. Citing binding Third Circuit

In sum, the Magistrate Judge correctly concluded that Rule 9(b) requires Plaintiffs to identify the specific individual involved in the alleged fraud. Because Plaintiffs do not dispute that they failed to identify any such individual, the Magistrate Judge correctly determined that their fraud claims were not pled with the requisite specificity and were therefore subject to dismissal.

### B. The Magistrate Judge Correctly Determined that Rule 9(b) Governs the Entirety of Plaintiffs' UCL Claim

In a further effort to circumvent their lack of specificity, Plaintiffs argue that Rule 9(b) does not apply to their entire UCL claim because they alleged unlawful and unfair conduct that stands separate and apart from the alleged fraudulent conduct underlying the claim. Obj. at 5-7. Not so. Indeed, despite Plaintiffs' attempts to depict otherwise, the Magistrate Judge correctly concluded that each of their UCL theories rests on the same alleged course of fraudulent conduct: "namely, that Igloo knowingly misrepresented and omitted information as to the safety of its Coolers." R&R at 15, n. 8; *see also* CAC at ¶ 278 (alleging unfair conduct because Igloo allegedly "violat[ed] the CLRA and other state consumer protection laws as alleged throughout the Complaint"); ¶ 279 (alleging unfair conduct because Igloo allegedly sold coolers "with a dangerous defect" that it "knew or should have known were unsafe").

Plaintiffs do not dispute that when a plaintiff pleads a unified course of fraudulent conduct, the entire claim is "grounded in fraud" and "the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003). Because that is precisely what Plaintiffs have done here, the Magistrate Judge was correct to apply Rule 9(b) to the entirety of their UCL claim.

Putting this aside, Plaintiffs did not argue in their Opposition that the UCL claim could

---

law, the Magistrate Judge declined to follow this "non-binding" decision or make such a blanket presumption. R&R at 16. This Court should decline to do so as well.

stand on the "unlawful" prong; they only argued it could stand on the "unfair" prong. *See* Opp. at 14. Plaintiffs have therefore waived any right to now stand on the unlawful prong of the UCL as an independent basis for their claim. *See In re Nat'l Collegiate Student Loan Trusts*, 971 F.3d 433, 444 (3d Cir. 2020). By extension, they also cannot rely on their newfound reference to a breach of warranty under the "unlawful" prong as an independent basis for the UCL claim.

### C. The Magistrate Judge Correctly Identified Two Additional Bases for Dismissal of Plaintiffs' Consumer Fraud Claims

In Footnote 9 of the R&R, the Magistrate Judge identified two additional defects with Plaintiffs' consumer fraud claims: (1) the only allegedly misleading statement that Plaintiffs identified is non-actionable puffery, and (2) Plaintiffs did not plead where, when and how they each relied upon the allegedly misrepresented information. R&R at 17, n. 9. Plaintiffs challenge each of these findings, but unsuccessfully so.

As to the first finding, Plaintiffs' only argument is that it does not preclude their omission based claims. Obj. at 17. In so arguing, Plaintiffs do not dispute that the only affirmative statement identified in the CAC in fact constitutes non-actionable puffery. Thus, based on Plaintiffs' own concessions, they have not identified any actionable misrepresentation. The Magistrate Judge was therefore correct in concluding that Plaintiffs have no colorable basis for pursuing a fraud claim based on any affirmative misrepresentation. *See Phoenix v. U.S. Homes Corp.*, 628 F. App'x 825, 827 (3d Cir. 2015).

As to the second additional defect, Plaintiffs claim that they pled the dates, locations, retailers, and prices associated with their purchases and that they would not have purchased or would have paid less for their coolers had they known of the alleged defect. Obj. at 17. But that misses the point. As the Magistrate Judge noted, Plaintiffs were required to "plead specific facts as to where, when and how each named Plaintiff *relied* upon the fraudulently misrepresented or

omitted information." Obj. at 17, n. 9 (emphasis added). Alleging the time and place of purchase coupled with a wholly nondescript and conclusory allegations about theoretical behavior—which Plaintiffs attribute to every single person who ever purchased one of the subject coolers—does not provide the facts required to establish where, when and how each particular Plaintiff relied on the alleged misrepresentations and omissions. Accordingly, the Magistrate Judge was correct in identifying this additional defect in Plaintiffs' consumer fraud claims.

## II. <u>The Court Should Deny Plaintiffs' Bare Request for Leave to Amend the CAC</u>

Plaintiffs argue that, to the extent the Court affirms dismissal of their consumer fraud claims, the Magistrate Judge erred in declining to address their request for leave to amend the CAC. Obj. at 8-10. But Plaintiffs' request was defective for multiple reasons, and Third Circuit law mandates that it be denied.

First, the Third Circuit's "settled rule is that properly requesting leave to amend a complaint *requires* submitting a draft amended complaint." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007) (emphasis added). "[A] failure to submit a draft amended complaint is *fatal* to a request for leave to amend." *Id.* (emphasis added); *see also United States ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (same). This is consistent both with the Local Rules and the Court's Scheduling Order. *See* D. Del. L.R. 15.1 (a party moving to amend "shall attach" both the proposed amended pleading and a form showing how it differs from the pleading it amends); D.I. 71 ¶ 8(b) (directing that any motion to amend "shall attach the proposed amended pleading (as well as a 'redline' comparison to the prior pleading"). Yet, Plaintiffs never provided the Court with any draft amended complaint—either in their Opposition or in any other filing. In fact, they have not even provided one with their

Objection.[4] For this reason alone, Third Circuit law mandates that their request for leave be denied.

Second, "a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Q2Administrators, LLC*, 728 F.3d at 243. Yet, that is precisely what Plaintiffs did here. They lodged only a bare request contained in a single sentence at the end of their Opposition as follows: "Should the Court grant it in any respect, Plaintiffs ask for leave to amend." D.I. 75 at 30.[5] A "single sentence, lacking a statement for the grounds for the amendment and dangling at the end of [a] memorandum [does] not rise to the level of a motion for leave to amend." *Ramsgate Court Townhome Association v. West Chester Borough*, 313 F.3d 157, 160 (3d Cir. 2002) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Servs*., 181 F.3d 1180, 1187 (10th Cir.1999)). Thus, Plaintiffs' bare request did not even rise to the level of a motion for leave.[6] For this additional reason, Third Circuit law mandates that their request for leave be denied.

In sum, Plaintiffs were required to properly move for leave to amend both by attaching a draft amended complaint and by explaining the grounds for the proposed amendment. Because they failed to do either, the Magistrate Judge was correct in declining to address their request.

[4] Plaintiffs argue that they "can and will" provide new information, purportedly derived from Igloo's confidential documents, "under seal in an amended complaint." Obj. at 9. But they were required to do that in order to lodge the request in the first place. That they "can and will" provide that information in the future provides no excuse for their failure to have done so already.

[5] While Plaintiffs purport to provide grounds for the request in their Objection, "[a]rguments not presented to a magistrate judge and raised for the first time in objections to the magistrate's recommendations are deemed waived." *In re Nat'l Collegiate Student Loan Trusts*, 971 F.3d at 444. Thus, the Court need not and should not consider these grounds now. In any event, Plaintiffs still have not submitted any draft amended complaint—which is independently fatal.

[6] Plaintiffs' contention that Igloo "did not oppose" their request is therefore immaterial. As *Ramsgate* made clear, a lone sentence in a brief does not constitute a motion for leave to amend. *See id*. Thus, there was never any request before the Court that required a response from Igloo.

Indeed, under these circumstances, Third Circuit law mandates that their request be denied. However, to the extent the Court is willing to entertain the request, Igloo respectfully requests the opportunity to fully and fairly brief the issue and explain why it does not believe that amendment is proper at this juncture.

**CONCLUSION**

For the foregoing reasons, Igloo respectfully requests that the Court adopt the Magistrate Judge's recommendation to dismiss Plaintiffs' fraud claims as inadequately pled under Rule 9(b). Igloo also respectfully requests that the Court deny Plaintiffs' request for leave to amend as improper under Third Circuit law.

**COZEN O'CONNOR**

*/s/ Hugh J. Marbury*
Hugh J. Marbury (#7427)
Kaan Ekiner (#5607)
1201 North Market St., Ste. 1001
Wilmington, DE 19802
(302) 295-2000
HMarbury@Cozen.com
KEkiner@Cozen.com

Erica Rutner (*Pro Hac Vice*)
Michael Puretz (*Pro Hac Vice*)
501 E. Las Olas Blvd. Ste. 300
Fort Lauderdale, FL 33301
(561) 750-3850
ERutner@Cozen.com
MPuretz@Cozen.com

John A. Bertino (*Pro Hac Vice*)
2001 M Street NW, Ste. 500
Washington, D.C. 20036
(202) 912-4800
JBertino@Cozen.com

*Attorneys for Defendant*
*Igloo Products Corp.*

Dated: October 22, 2026