**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE IGLOO PRODUCTS COOLER RECALL LITIGATION | Civil Action No.: 1:25-cv-00298-JLH-EGT<br><br>CONSOLIDATED |

**STIPULATION AND [PROPOSED] ORDER TO AMEND SCHEDULING ORDER**

WHEREAS, on October 21, 2025, Plaintiffs filed the Consolidated Class Action Complaint in this matter. *See* D.I. 58 (the "Complaint").

WHEREAS, on November 20, 2025, Defendant filed a Motion to Dismiss Plaintiffs' Complaint under Rules 12(b)(1) and 12(b)(6). *See* D.I. 62 (the "Motion to Dismiss").

WHEREAS, on December 12, 2025, the Court issued the initial Scheduling Order, D.I. 71, setting discovery, expert, and class certification deadlines.

WHEREAS, on December 22, 2025 Plaintiffs served Requests for Production and Interrogatories on Defendant.

WHEREAS, on February 26, 2026 Defendant served Requests for Production and Interrogatories on Plaintiffs.

WHEREAS, following the receipt of Plaintiffs' Requests for Production, Defendant made ongoing rolling productions of over 248,000 electronic documents and it substantially completed its production of responsive documents on September 9, 2026. Given that Defendant produced over 248,000 electronic documents, Plaintiffs need additional time to review them prior to taking depositions and preparing for depositions and class certification.

WHEREAS, the Court previously amended the Scheduling Order on August 5, 2025. *See* D.I. 91; July 14, 2026, Minute Order. In that Order, the Parties agreed that they would meet and confer on any further changes to the schedule as needed prior to involving the Court. *See id.*

WHEREAS, on September 24, 2026, the Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Dismiss. *See* D.I. 94 (the "R&R"). In the R&R, the Magistrate Judge recommended that Plaintiffs had Article III standing under Rule 12(b)(1) but that all of Plaintiffs' claims be dismissed under Rule 12(b)(6) except as to the breach of implied warranty claims of two of the six Plaintiffs. The Magistrate Judge also declined to address Plaintiffs' request for leave to amend, which Plaintiffs had raised in their Opposition to the Motion to Dismiss.

WHEREAS, both Parties filed Objections to the R&R. *See* D.I.s 95 and 97. Plaintiffs' Objection included a renewed request for leave to amend the Complaint, D.I. 97 at 8-10, which Defendant opposed in its Response to the Objection. *See* D.I. 99 at 7-9.

WHEREAS, District Judge Hall has not yet ruled on the Parties' Objections to the R&R.

WHEREAS, in light of the R&R, and the objections thereto, the scope of the case is currently in question, including as to the particular Plaintiffs and claims that will survive dismissal and as to whether Plaintiffs will be given leave to amend their Complaint. This directly impacts which of the Plaintiffs will need to be deposed as well as the scope of Plaintiffs' anticipated Rule 30(b)(6) deposition topics and any remaining discovery.

WHEREAS, because of the outcome of the R&R and the pendency of the Parties' Objections, and in the interests of judicial economy, the Parties agree that the current deadlines should be amended such that they are tied to when there is further certainty on the scope of the pleadings at issue for remaining discovery and class certification proceedings. In particular, the Parties agree that the current deadlines should be extended and tied to the District Court's forthcoming ruling on the pending objections setting forth whether objections will be denied or sustained and if leave to amend is granted, to when Plaintiffs file an Amended Complaint.

WHEREAS, the scheduling order in the action tethers the timing of case dispositive motions, further status/scheduling conference, pretrial conference, and trial date to the date the Court issues an order on class certification, and the Parties do not seek a modification of the scheduling order in this regard. *See* D.I. 71 at ¶¶ 10(a); 11; 14.

WHEREAS, depending on when the deadlines fall, Plaintiffs may need slight adjustments to deal with conflicting court appearances or dates concerning unavailability of counsel. The Parties agree to meet and confer whenever possible to resolve any conflicts.

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the Parties, subject to the approval of the Court, the schedule will be modified as follows:

| Event | Prior Deadline | Revised Deadline |
|---|---|---|
| Fact discovery cutoff | January 29, 2027 | (60) EGT ~~120~~ days following the Court's ruling on the pending objections setting forth either: (1) the date when Plaintiffs are denied leave to amend their Complaint; or (2) in the event leave to amend is granted, the date when Plaintiffs file an Amended Complaint |
| Deadline for Plaintiffs' and Defendant's initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony | February 26, 2027 | 30 days after the close of fact discovery |
| Deadline for Plaintiffs' and Defendant's disclosure of rebuttal expert testimony | April 2, 2027 | 30 days after the deadline for the disclosure of expert testimony |
| Expert discovery cutoff | April 30, 2027 | 30 days after the disclosure of rebuttal expert testimony |
| Deadline for motion for class certification | May 24, 2027 | 30 days after the close of expert discovery |

| Event | Prior Deadline | Revised Deadline |
|---|---|---|
| Deadline for case dispositive motion | 30 days after Court issues order on class certification | Same |
| Further Status/Scheduling Conference | A date, convenient to the Court, approximately 30 days after Court issues order on class certification | Same |
| Pretrial conference | A date, convenient to the Court, approximately four months after any dispositive motion is filed | Same |
| First day of trial | Seven days after the pretrial conference | Same |

Respectfully submitted this 12th day of November, 2026.

**COZEN O'CONNOR**

*/s/ Kaan Ekiner*
Kaan Ekiner (DE 5607)
Hugh J. Marbury (DE 7427)
1201 North Market St., Ste. 1001
Wilmington, DE 19801
(302) 295-2046
kekiner@cozen.com
hmarbury@cozen.com

**COZEN O'CONNOR**
Erica Rutner (*pro hac vice*)
Michael Puretz ((*pro hac vice*)
501 E. Las Olas Blvd. Suite 300
Fort Lauderdale, FL 33301
(561) 750-3850
erutner@cozen.com
mpuretz@cozen.com

**THE ROSNER LAW GROUP LLC**

*/s/ Zhao (Ruby) Liu*
Frederick B. Rosner (DE 3995)
Zhao (Ruby) Liu (DE 6436)
824 Market Street, Suite 810
Wilmington, DE 19801
(302) 777-1111
rosner@teamrosner.com
liu@teamrosner.com

**TUSAN LAW, PC**
Christina Tusan (*pro hac vice*)
Adrian Barnes (*pro hac vice)*
680 E. Colorado Blvd. #180
Pasadena, CA 91101
(626) 418-8203
ctusan@ctusanlaw.com
abarnes@ctusanlaw.com

**COZEN O'CONNOR**
John A. Bertino (*pro hac vice*)
2001 M Street NW, Suite 500
Washington, D.C. 20036
(202) 912-4800
jbertino@cozen.com

*Attorneys for Defendant Igloo Products Corp.*

**KAPLAN FOX & KILSHEIMER LLP**
Matthew B. George (*pro hac vice*)
Laurence D. King (*pro hac vice*)
Clarissa R. Olivares (*pro hac vice*)
Walter Howe (*pro hac vice*)
1999 Harrison Street, Suite 1501
Oakland, CA 94612
(415) 772-4700
mgeorge@kaplanfox.com
lking@kaplanfox.com
colivares@kaplanfox.com
whowe@kaplanfox.com

*Interim Co-Lead Class Counsel*

ORDERED AS MODIFIED

~~SO ORDERED~~ this 16th day of November 2026.

UNITED STATES MAGISTRATE JUDGE